■ Sacha Reaves, Appellant, v City of New York et al., Respondents, et al., Defendant.—Order, Supreme Court, New York County (Leonard N. Cohen, J.), entered August 29, 1990, which, *inter alia,* granted motions by defendants New York City Housing Authority and City of New York to dismiss the complaint, unanimously affirmed, without costs.

Plaintiff, allegedly injured in a 1980 accident in a City playground, reached the age of majority in September 1988. Under General Municipal Law § 50-e (5), she had one year and 90 days after reaching the age of majority to seek leave to file a late notice of claim, a limitation applicable to actions against the defendant Housing Authority pursuant to Public Housing Law § 157 (2). Plaintiff's mother, in a prior action on her behalf, unsuccessfully sought leave to file a late notice of claim. Plaintiff, in this action, has neither filed a notice of claim nor sought leave to do so.

Plaintiff was required to allege in her complaint compliance with the notice of claim condition precedents to suit *(Giblin v Nassau County Med. Center,* 61 NY2d 67). Such compliance is part of the plaintiff's substantive cause of action *(Williamson Roofing & Sheet Metal Co. v Town of Parish,* 139 AD2d 97, 106), and the failure to comply is not an affirmative defense to be asserted by defendants *(Rodriguez v City of New York,* 169 AD2d 532). Thus, plaintiff's failure to allege a timely filing of a notice of claim or to move within a year and 90 days after attaining her majority rendered her complaint legally insufficient and justified its dismissal for failure to state a cause of action *(Caruso v City of Buffalo Urban Renewal Agency,* 159 AD2d 996).

We have considered the plaintiff's other arguments, and find them to be without merit. Concur—Wallach, J. P., Kupferman, Ross and Smith, JJ.