OPINION OF THE COURT
Marc Finkelstein, J.
In this nonpayment proceeding, petitioner, represented by counsel, alleges that respondent owes rent of $484.24 per month for apartment D08 in building A at 201 Linden Boulevard since October 1994. Respondent, initially appearing pro se, is now represented by the Legal Aid Society, Brooklyn Office for the Aging. An amended answer and counterclaims were accepted by petitioner’s substituted counsel.
Respondent moves for partial summary judgment on her first affirmative defense and first counterclaim. Her first affirmative defense asserts that she was found eligible for and received a section 8 certificate and, beginning in May 1993, requested petitioner to accept same which it has refused to do. She argues that since petitioner accepts section 8 certificates in another building it owns, it was required to accept her section 8 certificate pursuant to 42 USC § 1437f (t) (regarding non *360 discrimination against section 8 certificate holders). As a result, she contends that petitioner is estopped from collecting rent in excess of her section 8 share from May 1993 to the present.
Respondent’s first counterclaim asserts that since she has been entitled to a section 8 rent subsidy of $325.94 per month from May 1993 to the present, and was prevented from receiving said subsidy by the illegal actions of petitioner, she is entitled to recover overpaid rent (i.e., amounts paid over and above what would be her share of the rent) from May 1993 to September 1994, totalling $5,348.50. Since she has withheld the rent from October 1994 onward, the overpayment through September 1994 would be an offset against any rent owed since October 1994 (at the rate of her section 8 share of the rent), and she would be entitled to a money judgment for any remaining balance of the $5,348.50 overpayment.
42 USC § 1437f provides for Federal housing assistance payments to private landlords on behalf of lower-income families (including families of one, as here) in order to enable them to obtain and retain decent affordable housing. Subdivision (t), added by Congress in 1988 (Pub L 100-242, § 147) is entitled "Nondiscrimination against certificate holders and voucher holders.” The text of 42 USC § 1437f (t) reads, in part:
"(1) No owner who has entered into a contract for housing assistance payments under this section on behalf of any tenant in a multifamily housing project shall refuse—
"(A) to lease any available dwelling unit in any multifamily housing project of such owner that rents for an amount not greater than the fair market rent for a comparable unit, as determined by the Secretary under this section, to a holder of a certificate of eligibility under this section, a proximate cause of which is the status of such prospective tenant as a holder of such certificate, and to enter into a housing assistance payments contract respecting such unit;
"(2) For purposes of this subsection, the term 'multifamily housing project’ means a residential building containing more than 4 dwelling units.”
House of Representatives Conference Report No. 100-426 (100th Cong, 1st Sess) explains that section 1437f (t) "prohibit[s] private owners who have entered into a Section 8 contract for housing assistance payments for tenants in their multifamily housing projects, from refusing to lease available dwelling units at the fair market rent (FMR) to a holder of a Section 8 certificate or voucher.” (1987 US Code Cong & Admin News, at 3475.)
*361 Petitioner has responded to this motion by attorney affirmation only.[1] No supporting documents or affidavits whatsoever have been submitted in opposition. Counsel does not allege any personal knowledge of the facts. As to the facts herein, petitioner’s counsel’s affirmation consists entirely of a series of rhetorical and speculative questions, which are unanswered, have no probative value and are insufficient as a matter of law. An affirmation by an attorney without personal knowledge of the facts has no probative value and cannot defeat a summary judgment motion. (Roche v Hearst Corp., 53 NY2d 767; Spearmon v Times Sq. Stores Corp., 96 AD2d 552.) " '[M]ere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient’ ”. (Sarver v Martyn, 161 AD2d 623.) In any case, the affirmation is silent as to most, if not all, of the factual allegations raised by respondent and does not contain a sufficient refutation of the facts as related by her. Thus, respondent’s recitation of the following facts is wholly uncontroverted.
Respondent moved into the subject premises, building A, apartment D08, in October 1991 (having lived for the prior 10 years at the same address in building D, apartment B01 with her mother and brother).[2] Petitioner offered and agreed to have her as a section 8 tenant in apartment D08. Respondent then applied for and was indeed found eligible for a Federal section 8 housing assistance subsidy in April 1993 and was given a sec *362 tion 8 certificate at the point when her full monthly rent for apartment D08 was $453.02. Her share of the rent pursuant to her section 8 certificate (the TTP — total tenant payment) was $159 per month. Under the section 8 program, the New York City Housing Authority (NYCHA) would have paid petitioner the balance of $294.02, for a total of the full rent of $453.02.
However, for some unstated, unknown reason, petitioner then refused to accept respondent’s section 8 subsidy in May of 1993 and has continued its refusal to date. This despite the fact that subsequent to May 1993 a section 8 inspection was conducted and repairs were effected in the subject apartment and other actions were taken by petitioner in furtherance of formalizing the section 8 agreement. This also despite the fact that petitioner was participating in the section 8 program on behalf of at least two other tenants in another building it owns on the same street at 221 Linden Boulevard.
Respondent is a senior citizen who lives alone on a monthly income of Social Security and Supplemental Security Income (SSI) totaling $554, plus food stamps of $112. Due to petitioner’s refusal to accept respondent as a section 8 tenant, she paid the full rent from May 1993 to September 1994, at which point she withheld her rent due to the issues raised in the instant motion. As a result, respondent’s full nonsection 8 rent is currently 88% of her income. Had petitioner accepted respondent’s section 8 subsidy timely, her share of the rent would have been reduced to a maximum of 30% of her income as of May 1993. From May 1993 forward, the balance of respondent’s full monthly rent would have been paid directly to petitioner by NYCHA.
" Petitioner’s legal argument in opposition to the instant motion is twofold under 42 USC § 1437f (t): (1) there are no section 8 tenants in the subject building and the statute does not require petitioner to accept respondent’s section 8 certificate for her apartment in the subject building because petitioner admittedly accepts section 8 certificates in another building it owns; (2) by virtue of the statute’s use of the word "prospective” to modify the word "tenant”, the protections afforded in the statute do not apply to "current” or "in-place” tenants such as respondent. In other words, since petitioner does not accept section 8 subsidies in the subject building, and, in any case, since respondent already lives in the building and is not a prospective tenant, she is not protected from discrimination based on her status as a holder of a section 8 certificate. However, petitioner offers no case law or any other authority whatsoever in support of these two propositions.
*363 Many of the documents appended as exhibits to respondent’s motion are from NYCHA’s section 8 file for respondent which was produced on an earlier date. There is no doubt that respondent was found eligible for section 8 housing assistance and received a section 8 certificate and that petitioner ultimately refused to accept her as a section 8 tenant. There is also no doubt that respondent’s building at 201 Linden Boulevard contains more than four units, as does the building at 221 Linden Boulevard which petitioner also owns and in which petitioner accepts at least two section 8 tenants.
This court rejects petitioner’s first argument based upon there being no section 8 tenants in the specific subject building and agrees with the conclusion of the court in Equity Invs. v Crichlow (L&T index No. 68473/94 [Civ Ct, Kings County, July 19, 1994]), that "the respondent having been found eligible for Section 8 benefits, the plain language of the statute [42 USC § 1437f (t)] prohibits petitioner from refusing to accept respondent’s Section 8 certificate. The statute applies to owners who have entered into Section 8 contracts on behalf of any tenants and prohibits the refusal to lease in ’any multifamily housing project of such owner. ’ ” (Emphasis in original.)
This court also rejects petitioner’s second argument that 42 USC § 1437f (t) does not apply to in-place or current tenants of the owner, such as respondent, who are granted section 8 certificates. The court adopts respondent’s argument that "While the statute refers to nondiscrimination against 'prospective tenants’, all Section 8 holders are 'prospective’ Section 8 tenants until they enter into a specialized Section 8 lease with their landlord * * * Thus the term 'prospective tenant’ in § 1437f (t) refers to the prospect of entering into a Section 8 lease rather than any physical move. All non-Section 8 tenants are therefore 'prospective tenants’ under the statute.”
Further, the court agrees with respondent’s conclusion that "There is no support in the language, framework or legislative history of the statute, the case law, or in logic for an interpretation of § 1437f (t) that allows owners to discriminate against new Section 8 [certificate or voucher] holders with whom they already have a previous landlord-tenant relationship, while barring those same owners from discriminating against previously unknown Section 8 holders.” (See, Henderson v New York City Hous. Auth., US Dist Ct, ED NY, Weinstein, J., 90 Civ 4349 [enjoining landlords to accept section 8 on behalf of in-place tenants similarly situated to respondent]; Eliat Mgt. v Baghdadi, L&T index No. 85601/92 [Civ Ct, Kings County, *364 Mar. 14, 1994]; Jay Cooper Smith v Nettleford & Vassel, L&T index No. 83143/91 [Civ Ct, Kings County, Jan. 16, 1992]). This analysis is consistent with the legislative history indicating specifically that the bill which introduced section 1437f (t) was "intended to benefit applicants and tenants. ” (HR Conf Rep No. 100-122 [I], 1987 US Code Cong & Admin News, at 3369 [emphasis added].) Moreover, in Henderson (supra), Judge Weinstein directed the appropriate State and city courts (of which this court is one) to determine issues of payment of rent and defenses thereto in accordance with his decision.
The above-undisputed facts, analysis and supportive case law are sufficient to warrant the granting of respondent’s motion for partial summary judgment. However, the court notes and highlights the two additional supporting factors evident in this case which do not appear to be present in other decisions in this area.
First, it is undisputed that the tenant immediately prior to respondent in the subject apartment in the subject building was a section 8 tenant. DHCR registration records show that the prior tenant’s lease ran from October 1, 1989 to September 30, 1991, that there was a vacancy, and that respondent’s lease ran from October 1,1991 to September 30, 1993. The DHCR records further indicate that the legal rent for the prior tenant in registration year 1991 was $366.83 but that the actual rent paid was $88 per month because that tenant had a section 8 subsidy. The fact that section 8 was already being accepted in this specific apartment might very well explain why respondent left her apartment in an adjoining building at the same address (where she lived with her mother and brother), relocated to the subject apartment and building (to live alone), and applied for section 8 benefits.
Second, and related, is the substantial documentation in respondent’s NYCHA section 8 file indicating that, unlike in other cases in this area, petitioner here did not initially flat out refuse to accept respondent’s section 8 certificate. Rather, it is evident that petitioner originally agreed to accept respondent’s section 8 certificate in the subject apartment, previously resided in by another section 8 tenant, and that respondent reasonably relied on said acceptance to her detriment even after her section 8 certificate had expired. In April 1993 respondent’s section 8 file indicates that an in-place rental was being processed. Respondent’s section 8 caseworker noted that a section 8 inspection of the subject apartment was scheduled for August 16, 1993 (respondent’s certificate having *365 been extended to August 28, 1993) and further noted the name of petitioner’s contact person who "will fill out voucher, leases & contract and mail them to me.” Furthermore, on a NYCHA Leased Housing Department form for section 8, petitioner wrote respondent’s name in the space after "Applicant or Tenant’s Name.” After the question, "Do you have any tenants receiving Sec. 8 subsidy in this building?”, petitioner did not check either the "yes” or "no” line, but underneath, on the line which states, "If yes, give your vendor number”, petitioner inserted its vendor number and handwrote that it had some section 8 tenants at 221 Linden Boulevard, giving two apartment numbers. Petitioner dated and submitted this form to NYCHA after respondent’s extended section 8 certificate had expired.
In response to respondent’s partial summary judgment motion, respondent has not shown any facts sufficient to warrant a trial on the issues raised. Petitioner has failed to assemble, lay bare and reveal any proofs (DiSabato v Soffes, 9 AD2d 297, 301; Spearmon v Times Sq. Stores Corp., supra, 96 AD2d, at 553) and has thus failed to offer any explanation as to why respondent’s section 8 certificate was not ultimately accepted other than that it was rejected by petitioner in violation of 42 USC § 1437f (t).
Clearly, at the moment the landlord offered respondent the option of obtaining section 8 rental assistance he could not then discriminate against her. She is, for purposes of the statute, a "prospective Section 8 tenant” although she was already in a landlord-tenant relationship with petitioner. It is equally clear that petitioner thus allowed respondent’s section 8 certificate to expire by initially complying with section 8 processing and repairing of her apartment, and then withdrawing its consent. As a result, it appears that petitioner denied respondent the opportunity to utilize her section 8 subsidy which would have made her apartment affordable rather than having a rent which constitutes 88% of her income. Clearly, a determination that 42 USC § 1437f (t) does not apply to respondent would likely result in either her eviction from this address where she has resided for some 14 years or a severe curtailment of her ability to meet her ordinary living expenses beyond the most basic rental and food expenditures.
As a result of the above, the court grants respondent partial summary judgment on her first affirmative defense and her first counterclaim. Accordingly, petitioner is precluded from collecting or receiving more than respondent’s section 8 share *366 of the rent (her TTP) commencing May 1993 through the present. Based upon a TTP for respondent of $159 from May 1993 to September 1993 and $166.20 from October 1993 to September 1994, and respondent having paid the full lease rent for those months, it is determined that respondent overpaid petitioner the sum of $5,348.50 for the period May 1, 1993 through September 30, 1994. Said $5,348.50 overpayment is awarded first as a setoff against any unpaid rent due and owing from October 1994 to the present, at the monthly rate of respondent’s TTP since October 1994, then with respondent to be awarded a money judgment for the balance of the overpayment.[3]
Accordingly, this matter is hereby adjourned for hearing to November 28, 1995 at 11:30 a.m., Part 18G, room 503, for resolution of any remaining issues in this proceeding (including those noted in n 3). A final decision on the exact amount of rent due from October 1994 and the exact amount of the money judgment to be awarded respondent shall await completion of said hearing.

. Counsel argues that the motion should be "dismissed” ("denied” is proper) because pursuant to CPLR 3212 (b), all previous pleadings were not annexed thereto. This argument is mere subterfuge, relying on hypertechnicality. The only pleadings are the notice of petition and petition and the amended answer, which are in the court file and can be easily referenced. Moreover, petitioner has acknowledged receipt of the amended answer. Counsel is cautioned as to asserting such specious grounds for denial of future motions before this court.

. The date respondent relocated from building D, apartment B01 to the subject building A, apartment DOS, was stated in her affidavit as October 1993. In reviewing the motion papers the court was puzzled as to this October 1993 date because it did not coincide with (1) DHCR records (showing respondent as the tenant in apartment DOS beginning October 1991); (2) respondent’s renewal lease for apartment DOS (signed in June 1993); or (3) section 8 records (showing apartment DOS as respondent’s residence during the April-August 1993 period of section 8 eligibility and indicating that petitioner was providing information and section 8 was processing respondent for an in-place section 8 subsidy for apartment DOS). Given the stated October 1993 date, counsel for petitioner also pointed out certain apparent inconsistencies. The court has since spoken with both counsel who have indicated their understanding and agreement that the October 1993 date was an error and that respondent relocated to the subject apartment DOS in October 1991.

. At this time, the court cannot set the precise amount of rent due and owing since October 1994 and the precise resulting money judgment to be awarded respondent because it does not have information as to possible increases in respondent’s TTP since October 1994 (e.g., Social Security/SSI cost of living increases and any other income), and because respondent has asserted a distinct rent overcharge counterclaim, separate from the section 8 issue, which is not addressed in the instant motion.