■ In the Matter of PHILIP MALEK, Respondent, v RUBEN FRANCO, as Chair of the New York City Housing Authority,

Appellant. [693 NYS2d 584] —Order and judgment (one paper), Supreme Court, New York County (Karla Moskowitz, J.), entered on or about March 12, 1998, which granted the petition for an order directing respondent New York City Housing Authority to issue Section 8 subsidies for petitioner's apartment retroactive to August 1, 1996, and declared unlawful the procedures of the New York City Housing Authority governing Section 8 participants who sublet cooperative apartments, unanimously reversed, on the law and the facts, without costs or disbursements, and the petition dismissed.

The Section 8 Tenant-based Assistance Program was established by Federal law (42 USC 1437f) and provides Federal rent subsidies to lower income families to enable them to obtain decent, safe and sanitary housing in the private sector. The respondent New York City Housing Authority (the Authority) administers the Section 8 program for the United States Department of Housing and Urban Development (HUD) in the City of New York. The Authority is authorized to receive applications for housing assistance from eligible persons and issue a "Certificate of Family Participation" enabling the holder to seek rental housing with rental maximums and specified housing quality standards. Once the applicant receives the Certificate and locates a suitable rental unit, the proposed lease between the private landlord and applicant is reviewed by the Authority. If the apartment meets the Housing Quality Standards and the lease contains a Lease Addendum with provisions mandated by HUD, the Authority would thereafter enter a Payment Contract with the landlord agreeing to subsidize the rent. When a Section 8 participant wishes to rent in a cooperative building, the Authority requires him to obtain the signature of an officer of the cooperative corporation on the Housing Assistance Payments Contract (HAP) and on the Lease Addendum so as to insure that the cooperative agrees to abide by the HUD regulations included in the Addendum.

Petitioner, a disabled individual and a participant in the Section 8 program, notified the Authority in April 1996 that he wanted to move to a cooperative apartment owned by his parents J. Albert and Ruth Malek. Petitioner was sent an updated Certificate and package including a Lease Addendum. After petitioner submitted forms identifying the cooperative corporation as landlord (which were given to him by respondent), he was furnished new forms indicating he was a subtenant of the cooperative corporation. However, the officers of the cooperative corporation struck a provision which stated that the Lease Addendum provisions would control over the oc-

cupancy agreement provisions and modified it to read that "the terms of the occupancy agreement (or proprietary lease) shall prevail." Because the petitioner failed to submit the Lease Addendum in the form required by the Authority and HUD in the time frame indicated on the Certificate, no subsidies were made for his apartment and his Section 8 benefits were canceled.

The IAS Court granted the petition and held that respondent's practice of refusing to approve Section 8 leases unless the subtenant obtains an authorized signature of the cooperative corporation on the Section 8 Lease Addendum contract was unlawful and ultra vires. This was an abuse of discretion.

"[A]n agency's interpretation of the statutes it administers must be upheld absent demonstrated irrationality or unreasonableness." (*Seittelman v Sabol*, 91 NY2d 618, 625.) The Authority, which is granted the authority to implement the Section 8 program in the City of New York by HUD, reasonably requires that in situations where a Section 8 participant wishes to sublease in a cooperative building, she/he must secure the agreement of the cooperative corporation to comply with HUD regulations. In the instant matter, petitioner failed to submit the Lease Addendum executed by the cooperative corporation in a timely manner and thus the respondent Authority acted reasonably in canceling his Section 8 benefits. 24 CFR 982.401 provides a detailed list of standards that must be met by the owner so as to provide the tenant with safe, sanitary and affordable housing. A review of these Housing Quality Standards (HQS) demonstrates that in order to insure adequate housing, both the cooperative corporation and the owner of the proprietary lease must work in tandem. Therefore, the Authority's requirement that the cooperative corporation execute the Section 8 documents and assure compliance, is a reasonable implementation of the Section 8 program. Although there is no privity of contract between the cooperative corporation and a subtenant (*see, Richards v Estate of Kaskel*, 169 AD2d 111, *lv dismissed and denied* 78 NY2d 1042), and therefore the subtenant can only hold the shareholder owner responsible for habitability problems even if they were caused by the cooperative corporation, the Authority's decision to seek assurances from the cooperative corporation that the HQS will be complied with, was a prudent requirement. Since the owner of the proprietary lease can only control the condition of the interior of the unit, the Authority's decision to secure the compliance of the cooperative corporation forestalls many foreseeable problems since the cooperative corporation provides many of the services listed under the HQS and maintains the

common areas in subject buildings. Therefore, with regard to cooperative housing, the Authority's requirement that both the owner of the lease and the cooperative corporation execute Section 8 documentation is neither irrational nor unreasonable. Concur—Ellerin, P. J., Nardelli, Mazzarelli, Rubin and Saxe, JJ.