■ LYUBOV Y. GORELIK, Respondent, v MOUNT SINAI HOSPITAL CENTER et al., Appellants. [797 NYS2d 497]—

Order, Supreme Court, New York County (Carol Edmead, J.), entered October 20, 2003, which, to the extent appealed from, denied defendants' motion to dismiss the complaint in its entirety, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment accordingly.

It is settled that on a pre-answer motion to dismiss brought pursuant to CPLR 3211 (a) (7), the complaint must be liberally construed, the allegations therein taken as true, and all reasonable inferences must be resolved in plaintiff's favor (*511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 151-152 [2002]; *Cron v Hargro Fabrics*, 91 NY2d 362, 366 [1998]). Moreover, the motion must be denied if from the pleading's four corners "factual allegations are discerned which taken together manifest any cause of action cognizable at law" (*Polonetsky v Better Homes Depot*, 97 NY2d 46, 54 [2001], quoting *Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]).

In the matter before us, the complaint interposes one unspecified cause of action, which appears to assert that defendants breached plaintiff's contract of employment through sexual harassment and the improper imposition of discipline, including placing her on probation. Yet, in opposition to defendants' motion to dismiss, plaintiff conceded, and the motion court acknowledged, that there were no viable issues concerning plaintiff's sexual harassment claim or the decision to place her on probation. This concession destroys the underpinnings of her

breach of contract claim, if one did, in fact, exist, and we are unable to discern any other viable, or timely, cause of action in the complaint. Concur—Tom, J.P., Andrias, Saxe, Friedman and Nardelli, JJ.