OPINION OF THE COURT
David I. Schmidt, J.
Motion by plaintiffs Leonoid Kosoglyadov and Khana Kosoglyadova for an order granting summary judgment in their favor on their second cause of action is granted and the cross motion by defendants 3130 Brighton Seventh, LLC and Brighton Realty Management for an order, pursuant to CPLR 3212, granting partial summary judgment in their favor is denied.[1]
Since April 1, 1994, plaintiffs have resided in a rent-stabilized apartment at 3130 Brighton 7th Street in Brooklyn. The building has been owned by 3130 since January 10, 2006. The property is managed by Brighton Realty Management. In plaintiffs’ original lease, they and their landlord agreed that “section 8 will be accepted at current rent.”[2] Since the expiration of their original lease term, plaintiffs have renewed their lease on the same terms and conditions and there is currently in effect a lease which expires on March 31, 2008. On October 28, 1992, plaintiffs applied for a Section 8 rent subsidy from the New York City Housing Authority (NYCHA). After being on NYCHA’s waiting list for 14 years, on or about September 8, 2006, NYCHA issued a voucher to plaintiffs which indicated that they were eligible for a Section 8 rent subsidy and it advised them to find an approvable housing unit so that NYCHA could enter into a Housing Assistance Program (HAP) contract with the owner. By letter dated November 21, 2006, plaintiffs’ attorney requested that 3130 accept the Section 8 voucher and execute a HAP contract with NYCHA, but the landlord did not respond to the request. Plaintiffs continue to pay their monthly rent of *364 $525. Apparently, if the landlord accepts the Section 8 rent subsidy, plaintiffs’ share of the rent would be approximately $234 a month, with NYCHA to pay the balance.
In their complaint, plaintiffs seek, among other things, a judgment directing 3130 to accept their Section 8 rent subsidy, to enter into a HAP contract and to refund all rent overcharges.
In their motion, plaintiffs explain that New York City enacted the J-51 tax abatement program to provide landlords with an incentive to improve and rehabilitate their buildings. According to plaintiffs, 3130 receives a J-51 tax abatement for the subject premises and, as a recipient of such benefits, it may not deny housing accommodations in such property or any of the privileges or services incident to occupancy therein based upon plaintiffs’ receipt of or eligibility for Section 8 benefits. Plaintiffs assert that 3130 has violated the antidiscrimination provision by refusing to honor their Section 8 voucher. In their answer, defendants asserted that 3130 was within its rights in refusing the subsidy because plaintiffs received their voucher after renting the subject apartment, rather than before. Plaintiffs contend, however, that no distinction should be made between potential and preexisting tenants.
In their cross motion and in opposition to the motion, defendants state that plaintiffs’ interpretation of the antidiscrimination provisions of the J-51 program is “at odds with the section 8 subsidy program, which is a voluntary program . . . which was enacted to protect potential tenants, not preexisting tenants.” According to defendants, they “are not attempting to cancel or ‘opt out’ of a pre-existing HAP contract, but are exercising their right to not participate in the Section 8 program.”
In opposition to the cross motion, plaintiffs maintain that, by accepting the benefits of the J-51 program, 3130 cannot avoid the obligations imposed by the statute, including the acceptance of Section 8 subsidy payments on behalf of a tenant. Plaintiffs point out that the antidiscrimination provision at issue applies to “any person” who uses, participates in or is “eligible for . . . the Section 8 housing voucher program” and, in this case, they currently hold a Section 8 voucher.
In an effort to provide landlords with an incentive to improve and rehabilitate their buildings and to maintain and increase the supply of urban housing stock, New York City enacted the so-called J-51 law (Administrative Code of City of NY former § J51-2.5, now § 11-243), which gives multiple dwelling owners *365 tax abatements and exemptions for certain enumerated projects. Since its enactment, the J-51 law has included a nondiscrimination clause binding property owners participating in the J-51 program and, over the years, the law has been amended to expand the class of protected individuals. The current law, as amended in 1993, provides in pertinent part, as follows:
“No owner of a dwelling to which the benefits of this section shall be applied . . . shall directly or indirectly deny to any person because of race, color, creed, national origin, gender, sexual orientation, disability, marital status, age, religion, alienage or citizenship status, or the use of, participation in, or being eligible for a governmentally funded housing assistance program, including, but not limited to, the section 8 housing voucher program and the section 8 housing certificate program, 42 U.S.C. 1437 et seq. . . . any of the privileges or services incident to occupancy therein” (Administrative Code § 11-243 [k] [emphasis added]).
Nothing in the federal regulations governing the Section 8 voucher program “is intended to pre-empt operation of State and local laws [such as the J-51 law] that prohibit discrimination against a Section 8 voucher-holder because of status as a Section 8 voucher-holder” (24 CFR 982.53 [d]). The plain language of the J-51 law unequivocally demonstrates that J-51 was intended to prohibit owners who receive the benefits of a J-51 tax abatement from discriminating against tenants who, among other things, qualify for Section 8 rent subsidies. In Rosario v Diagonal Realty, LLC (9 Misc 3d 681 [2005], affd 32 AD3d 739 [2006], affd 8 NY3d 755 [2007]), the court was not persuaded by prior decisions which emphasized the fact that the rent-stabilized tenant was a Section 8 recipient since the inception of his or her tenancy; rather, the court found (9 Mise 3d at 704) that, if a distinction were made between tenants who were receiving Section 8 benefits from the outset of their tenancies and those who received such benefits some time thereafter, “it would create an inequitable result, by which some section 8 recipients residing in rent-stabilized apartments would have greater protections than others.” This court agrees.
Accordingly, since plaintiffs have shown that 3130 is a recipient of a J-51 tax abatement under what is now section 11-243 of the Administrative Code of the City of New York, the cross mo *366 tion by defendants is denied and the motion by plaintiffs is granted to the extent of: (1) declaring that 3130 is required to accept plaintiffs’ Section 8 rent subsidy for the subject premises and to sign a HAP contract therefor within 20 days after service of a copy of this order with notice of entry, and (2) directing 3130 to credit plaintiffs’ rent account with the difference between the amount they have paid which exceeded $234 per month for the period from December 1, 2006 through the present.

. In their opposition to the cross motion, plaintiffs characterize their motion and the cross motion as seeking “summary judgment on the tenants’ second cause of action as to whether the landlord’s refusal to accept the tenants’ federal housing subsidy is a violation of the New York City J-51 Tax Abatement Law, NYC Administrative Code § 11-243 (k).” Neither of the parties has addressed the allegations of plaintiffs’ first cause of action that the landlord’s refusal to participate in the Section 8 program and to accept plaintiffs’ federal housing subsidy constitutes a violation of the express terms of their lease.

. Section 8 refers to the Section 8 Housing Assistance Program which was established to provide federally-funded rent subsidies for lower income families. Section 8 is administered by local public housing authorities, in this case, the New York City Housing Authority.