■ LEONID KOSOGLYADOV et al., Respondents, v 3130 BRIGHTON SEVENTH, LLC, et al., Appellants, et al., Defendants. [863 NYS2d 777]—

In an action, inter alia, for a judgment declaring, among other things, that the defendants 3130 Brighton Seventh, LLC, and Brighton Realty Management are required to accept the plaintiffs' rent subsidy pursuant to section 8 of the United States Housing Act of 1937 (42 USC § 1437f), for injunctive relief, and for compensatory damages, the defendants 3130 Brighton Seventh, LLC, and Brighton Realty Management appeal from an order of the Supreme Court, Kings County (Schmidt, J.), dated October 30, 2007, which granted that branch of the plaintiffs' motion which was for summary judgment on their second cause of action and denied their cross motion for summary judgment declaring that they are not required to accept the plaintiffs' rent subsidy.

Ordered that the order is modified, on the law and the facts, by deleting the provision thereof directing the defendant 3130 Brighton Seventh, LLC, "to credit plaintiffs' rent account with the difference between the amount they have paid which exceeded $234 per month for the period from December 1, 2006, through the present"; as so modified, the order is affirmed, with costs to the plaintiffs, and the matter is remitted to the Supreme Court, Kings County for a factual determination, consistent herewith, of the amount of the plaintiffs' rent subsidy pursuant to section 8 of the United States Housing Act of 1937 (42 USC § 1437f) as of December 1, 2006, and for the entry of a judgment, inter alia, declaring that (1) the defendants 3130

Brighton Seventh, LLC, and Brighton Realty Management are required to accept the plaintiffs' rent subsidy, and (2) the plaintiffs are entitled to a credit to their rent account in the amount of their rent subsidy, from December 1, 2006 through the entry of judgment.

The plaintiffs Leonid Kosoglyadov and Khana Kosoglyadova, who are spouses, lease a rent-stabilized apartment that was, at all relevant times, managed by the defendant Brighton Realty Management and owned by the defendant 3130 Brighton Seventh, LLC (hereinafter collectively the defendants) or its predecessor. The original lease indicated that rent subsidies pursuant to section 8 of the United States Housing Act of 1937 (42 USC § 1437f) (hereinafter section 8) would be accepted. In July 1994 the defendant 3130 Brighton Seventh, LLC (hereinafter 3130) received a 20-year "J-51" property tax abatement from the City of New York for the building in which the plaintiffs reside. On September 8, 2006 the New York City Housing Authority (hereinafter NYCHA) issued a section 8 voucher to the plaintiffs, who had applied for the voucher in 1992. By letter dated November 21, 2006, the plaintiffs' counsel demanded that 3130 accept the plaintiffs' section 8 rent subsidy, but 3130 did not accede to the demand.

On or about December 18, 2006 the plaintiffs commenced the instant action alleging in their second cause of action that the defendants' refusal to accept their section 8 rent subsidy violated the antidiscrimination provision of the J-51 tax abatement law (see Administrative Code of City of NY § 11-243 [k]). After joinder of issue, the plaintiffs moved for summary judgment on that cause of action and sought, among other things, a declaration that the defendants were required to accept their section 8 rent subsidy and enter into a housing assistance payments contract with NYCHA. The defendants cross-moved for summary judgment declaring that they were not required to accept the plaintiffs' section 8 rent subsidy. The Supreme Court granted the plaintiffs' motion for summary judgment as to their second cause of action and denied the defendants' cross motion. The court held that the antidiscrimination provision of the J-51 tax abatement law (see Administrative Code of City of NY § 11-243 [k]) required the defendants to accept the plaintiffs' section 8 rent subsidy and directed the defendants to credit, retroactive to December 1, 2006, the plaintiffs' rent account in the amount they had paid that exceeded $234 per month, which was the plaintiffs' counsel's calculation of the plaintiffs' share of the rent after deducting the amount of the plaintiffs' section 8 rent subsidy. We modify by remitting for a new determination of the amount of the plaintiffs' section 8 rent subsidy.

Despite the voluntary nature of the section 8 program at the federal level, state and local law may properly provide additional protections for recipients of section 8 rent subsidies even if those protections could limit an owner's ability to refuse to participate in the otherwise voluntary program (*see Rosario v Diagonal Realty, LLC,* 8 NY3d 755, 764 n 5 [2007], *cert denied* 552 US —, 128 S Ct 1069 [2008]; 24 CFR 982.53 [d]). The plaintiffs established, prima facie, that the defendants discriminated against them in violation of the antidiscrimination provision of the J-51 tax abatement law by refusing to accept the means of payment proffered by them solely because those means are obtained through a federal housing program (*see* Administrative Code of City of NY § 11-243 [k]; *Cosmopolitan Assoc., L.L.C. v Fuentes,* 11 Misc 3d 37, 38-39 [2006]). In opposition, the defendants failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the plaintiffs' motion and denied the defendants' cross motion.

Although the plaintiffs established their entitlement to judgment as a matter of law on their second cause of action, we nevertheless remit the matter to the Supreme Court, Kings County, for a calculation of the amount of monetary relief to which the plaintiffs are entitled. The Supreme Court erred in accepting the summary calculation of the plaintiffs' counsel as to the amounts of the plaintiffs' section 8 rent subsidy and their share of the rent, as the plaintiffs failed to demonstrate their monthly income and therefore did not establish the amount of their section 8 rent subsidy (*cf. Realty Dev. Co. v Jackson,* 167 Misc 2d 358, 363-364 [1995]). However, given that 3130's refusal to accept the plaintiffs' section 8 rent subsidy violated the antidiscrimination provision of the J-51 tax abatement law (*see* Administrative Code of City of NY § 11-243 [k]), the Supreme Court correctly determined that the plaintiffs were entitled to relief retroactive to December 1, 2006, which was the due date of the plaintiffs' first rent payment after 3130 rejected the plaintiffs' demand that 3130 accept their section 8 rent subsidy (*see generally Realty Dev. Co. v Jackson,* 167 Misc 2d 358 [1995]). Ritter, J.P., Miller, Dillon and McCarthy, JJ., concur. [*See* 18 Misc 3d 362.]