[906 NYS2d 689]

Severina Florentino et al., Plaintiffs, v Nokit Realty Corpo-
ration et al., Defendants.

Supreme Court, New York County, May 27, 2010

APPEARANCES OF COUNSEL

*Venable LLP*, New York City, for plaintiff. *Gale Feldman*, New York City, for Nokit Realty Corporation and another, defendants.

## OPINION OF THE COURT

PAUL WOOTEN, J.

This is an action by plaintiff Severina Florentino (plaintiff) for an injunction ordering her landlord to accept a Section 8 rent subsidy voucher for her current two-bedroom rental apartment. Defendants Nokit Realty Corporation and Orwell Management (collectively defendants) are, respectively, the building's owner and property manager.[1] Plaintiff alleges that defendants' refusal to accept her Section 8 benefits violates section 8-107 (5) (a) (1) and (2) and (c) (1) of the Administrative Code of the City of New York (Administrative Code) (as amended by Local Law No. 10 [2008] of the City of New York [Local Law 10]), which prohibits landlords from discriminating against tenants based on their lawful source of income. Defendants have filed a third-party complaint against New York City Housing Authority (NYCHA), and NYCHA has not yet answered. The note of issue has not been filed.

Presently before the court are three motions, which will be construed as cross motions. First, plaintiff moves for summary judgment, pursuant to CPLR 3212, declaring that defendants violated Local Law 10 and ordering them to accept her Section 8 voucher for her current apartment, and awarding compensatory damages from the month in which the voucher was issued through the month of its acceptance by defendants. Second, defendants move for summary judgment, pursuant to CPLR 3212, dismissing the complaint for failure to establish a Local Law 10 violation or, alternatively, directing plaintiff to accept a studio apartment instead of the two-bedroom, or directing NYCHA to (1) amend the Section 8 voucher and Housing Assistance Payments Contract (HAP) to accurately reflect the size of plaintiff's current apartment; (2) hold defendants harmless from liability for any misrepresentations they certify as accurate in executing the Section 8 voucher and HAP; or (3) withdraw the Section 8 voucher and HAP. Third, NYCHA moves to dismiss the third-party complaint, pursuant to CPLR 3211, for failure to state a cause of action.

---

1. The action brought by coplaintiff Maria Cabrera against defendant Spode Realty LLC has been severed by stipulation of the parties dated August 20, 2009.

### Background

In support of her motion, plaintiff submits, inter alia, her own affidavit, the Section 8 voucher and the HAP. Defendants submit, inter alia, affidavits of Simon Haberman and Marco Pichardo and letters between Legal Aid and defendants' counsel. NYCHA submits, inter alia, the affidavit of Gregory A. Kern and an NYCHA policy memorandum. The relevant undisputed facts are as follows.

Plaintiff is a 60-year-old single woman who resides in a two-bedroom rent-stabilized apartment at xxx West 174th Street, apartment 5H. She has lived in the apartment for over 15 years, and last renewed her lease on January 2, 2009. The building contains at least six residential units. Plaintiff's current monthly rent is $989.38, but she receives a disability rent increase exemption lowering her rent to $843.25. Her only source of monthly income is $781 in Social Security income and Social Security disability benefits.

According to plaintiff's affidavit, she currently resides alone and does not rent out her second bedroom. Members of her immediate family have resided with her in the past, but they have not lived in her apartment for several years. She has also occasionally had visiting family members stay with her briefly as guests. She denies subletting her apartment or receiving rental income from anyone staying there.

In March 2008, plaintiff applied for Section 8 assistance with the United States Department of Housing and Urban Development (HUD) to help meet her monthly rent obligations. On July 8, 2008, she received a Section 8 voucher, administered by NYCHA, for a rent subsidy in the amount of $1,095. The face of the voucher indicated that her rent subsidy corresponded to a unit containing zero bedrooms.

On December 15, 2008, Simon Haberman, one of defendants' principals, received a letter from Legal Aid regarding plaintiff's Section 8 eligibility. Defendants advised Legal Aid that plaintiff's Section 8 voucher authorized benefits for a studio apartment only, and that her current apartment was ineligible for the benefits provided by the voucher as it was a two-bedroom apartment.

Plaintiff commenced the present action on March 5, 2009, alleging that defendants improperly refused to apply her Section 8 voucher to her current two-bedroom apartment, in violation of Local Law 10. She seeks an injunction ordering defendants to

accept the voucher and to execute all necessary related documentation within 10 days, as well as an award of compensatory damages.

Defendants deny discriminating against plaintiff and have offered her a studio apartment in the same building, which they claim complies with the Section 8 voucher. Defendants also allege that the Section 8 voucher and HAP require them to certify certain items regarding plaintiff's apartment, including the number of bedrooms and the identity of the occupants. They claim that they cannot truthfully certify the apartment's size because it contains two bedrooms, not zero bedrooms. They also claim that the voucher requires occupancy solely by plaintiff and her immediate family, and they submit an affidavit from the building's superintendent, Marco Pichardo, stating that he observed unrelated roommates living there. Defendants additionally claim that the HAP provides for liability and monetary penalties in the event of an owner's breach of the contract, and that they cannot knowingly certify a voucher and HAP containing material misrepresentations.

Defendants brought a third-party complaint against NYCHA on November 13, 2009, alleging that the Section 8 voucher and HAP require them to misrepresent the number of bedrooms in plaintiff's apartment and to conceal rental income she receives from roommates, and to thereby perpetuate a fraud upon NYCHA and HUD and expose themselves to possible penalties. They seek an injunction ordering NYCHA to either withdraw the voucher on grounds of alleged fraud regarding room size and number of occupants or direct plaintiff to accept the studio apartment.

NYCHA has submitted an affidavit from Gregory A. Kern, an NYCHA manager responsible for the Section 8 program, disputing defendants' claims regarding the alleged certification requirements. According to Kern, NYCHA policy and federal regulations allow plaintiff to use her Section 8 voucher for a two-bedroom apartment with a rent of either $989.38 or $843.25. Kern also notes that the HAP does not require defendants to certify the size of plaintiff's apartment or anything concerning her income. Although the HAP forbids plaintiff from permitting anyone else to live in the apartment without prior approval of NYCHA and the landlord, if defendants suspect that plaintiff is subletting the apartment or hiding income, they can report such concerns directly to NYCHA which will investigate and make a determination concerning plaintiff's continued eligibility for Section 8 assistance.

## Discussion

Plaintiff moves for summary judgment declaring that defendants violated Local Law 10 by refusing to accept her Section 8 voucher, and ordering defendants to accept her voucher for her current two-bedroom apartment. She also requests an award of compensatory damages, representing the difference between her monthly rental obligations and what she would have paid from the month in which the voucher was issued through the month of its acceptance by defendants.

Defendants, in turn, seek summary judgment dismissing the complaint for failure to establish a Local Law 10 violation. Defendants claim that they refused to honor the voucher because it required them to falsely and fraudulently certify that plaintiff occupies a studio apartment, and to conceal income that she purportedly receives from subletting. They also allege that they are exposed to potential liability and penalties for any misrepresentations in the voucher and HAP. In the alternative, defendants request an order directing plaintiff to accept the studio apartment, or ordering NYCHA to (1) amend the voucher and HAP to reflect a two-bedroom apartment; (2) hold defendants harmless from liability for any misrepresentations they certify as accurate in executing the voucher and HAP; or (3) withdraw the voucher and HAP.

NYCHA moves to dismiss the third-party complaint for failure to state a cause of action, on the grounds that defendants failed to serve or plead service of a statutorily required notice of claim prior to commencing the third-party action and, in any event, that defendants' claim that plaintiff cannot use her Section 8 voucher for her two-bedroom apartment lacks merit.

## A. Standards of Review

Summary judgment is a drastic remedy that should be granted only if no triable issues of fact exist and the movant is entitled to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Andre v Pomeroy*, 35 NY2d 361, 364 [1974]). The party moving for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence in admissible form demonstrating the absence of material issues of fact (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; CPLR 3212 [b]). A failure to make such a showing requires denial of the motion, regardless of the sufficiency of the opposing papers (*see Smalls v AJI Indus., Inc.*, 10 NY3d 733, 735 [2008]). Once a prima facie showing has been made, however, "the burden

shifts to the nonmoving party to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact that require a trial for resolution" (*Giuffrida v Citibank Corp.*, 100 NY2d 72, 81 [2003]; *see also Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; CPLR 3212 [b]).

When deciding a summary judgment motion, the court's role is solely to determine if any triable issues exist, not to determine the merits of any such issues (*see Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404 [1957]). The court views the evidence in the light most favorable to the nonmoving party, and gives the nonmoving party the benefit of all reasonable inferences that can be drawn from the evidence (*see Negri v Stop & Shop*, 65 NY2d 625, 626 [1985]). If there is any doubt as to the existence of a triable issue, summary judgment should be denied (*see Rotuba Extruders v Ceppos*, 46 NY2d 223, 231 [1978]).

On a motion to dismiss under CPLR 3211, the court's task is to determine whether the pleadings state a cause of action. The court must "afford the pleadings a liberal construction, take the allegations of the complaint as true and provide plaintiff the benefit of every possible inference" (*EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19 [2005]; *see also Gorelik v Mount Sinai Hosp. Ctr.*, 19 AD3d 319, 319 [1st Dept 2005]). "The motion must be denied if from the pleadings' four corners 'factual allegations are discerned which taken together manifest any cause of action cognizable at law' " (*511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 152 [2002], quoting *Polonetsky v Better Homes Depot*, 97 NY2d 46, 54 [2001]).

B. The Cross Motions for Summary Judgment Under Local Law 10

The Section 8 program was established by federal law (42 USC § 1437f) to provide rent subsidies to lower income families "to enable them to obtain decent, safe and sanitary housing in the private sector" (*Matter of Malek v Franco*, 263 AD2d 427, 428 [1st Dept 1999]; *see also Matter of Fair v Finkel*, 284 AD2d 126, 127 [1st Dept 2001]). Under Section 8, a participating tenant makes rental payments based on financial ability and the local housing authority, in this case NYCHA, issues subsidy payments to the landlord to cover the balance. Once NYCHA issues a Section 8 voucher, the participating landlord and NYCHA enter into a contract known as a HAP, pursuant to which NYCHA will pay a portion of the tenant's rent (*see Rosario v Diagonal Realty, LLC*, 8 NY3d 755, 760-761 [2007]; *Tapia v*

*Successful Mgt. Corp.*, 24 Misc 3d 1222[A], 2009 NY Slip Op 51552[U], *1 n 1 [Sup Ct, NY County 2009]).

On March 26, 2008, the New York City Council passed Local Law 10, an amendment to the Human Rights Law, designed to ban discrimination by landlords against tenants based on their lawful source of income, including Section 8 vouchers (*see Rakhman v Alco Realty I, L.P.*, 27 Misc 3d 1142 [Sup Ct, NY County 2010]; *Timkovsky v 56 Bennett, LLC*, 23 Misc 3d 997, 1000 [NY County 2009]; *Tapia*, 2009 NY Slip Op 51552[U], *3; *667 E. 187th St. L.L.C. v Walker*, 23 Misc 3d 1118[A], 2009 NY Slip Op 50830[U], *1 [Civ Ct, Bronx County 2009]).

Pursuant to Local Law 10, it is an unlawful discriminatory practice for a landlord or manager to refuse to "sell, rent, lease, approve the sale, rental or lease or otherwise deny to or withhold from any person or group of persons such a housing accommodation or an interest therein . . . because of any lawful source of income" (Administrative Code § 8-107 [5] [a] [1]). Local Law 10 also makes it unlawful to discriminate against any person "because of any lawful source of income of such person . . . in the terms, conditions or privileges of the sale, rental or lease of any such housing accommodation or an interest therein" (§ 8-107 [5] [a] [2]). In addition, real estate brokers may not refuse to lease housing accommodations "to any person or group of persons" based on "any lawful source of income" (§ 8-107 [5] [c] [1]). The term "lawful source of income" is expressly defined to include income derived from the use of Section 8 vouchers (Administrative Code § 8-102 [25]). The courts have consistently held that a landlord's refusal to accept a legitimate Section 8 voucher constitutes unlawful discrimination under Local Law 10 (*see Timkovsky*, 23 Misc 3d at 1004 [Local Law 10 is "violated when a landlord refuses to accept a Section 8 voucher"]; *667 E. 187th*, 2009 NY Slip Op 50830[U], *2 ["After March 26, 2008 . . . (a) landlord of a building with six or more units( ) would not be able to decline payment by Section 8 voucher without running afoul of Local Law 10"]).

Here, plaintiff has established a prima facie claim that defendants violated Local Law 10 by refusing to accept her Section 8 voucher for her current two-bedroom apartment (*see Tapia*, 2009 NY Slip Op 51552[U], *7 [granting summary judgment declaring that Local Law 10 prohibited the defendants from refusing to accept Section 8 benefits, and directing them to accept the plaintiffs' Section 8 vouchers and to execute all documents necessary to effectuate acceptance within 10 days];

*Timkovsky*, 23 Misc 3d at 1004; *667 E. 187th*, 2009 NY Slip Op 50830[U], *2).

Defendants do not dispute that Local Law 10 bars discrimination against plaintiff based on her receipt of Section 8 benefits. Instead, their defense is that they refused to accept plaintiff's Section 8 voucher because to do so would require them to make false certifications in the voucher and HAP. They argue that plaintiff's voucher is for a studio apartment and that she currently resides in a two-bedroom apartment, thus requiring them to execute documents fraudulently certifying the size of her apartment. This precise argument, however, was expressly rejected in *Jones v Park Front Apts., LLC* (2009 NY Slip Op 33241[U] [Sup Ct, NY County 2009]).

The landlord in *Jones*, similar to here, refused to accept a Section 8 voucher from an indigent 78-year-old disabled woman who had resided in her apartment for 16 years. The landlord claimed that the voucher applied only to a studio apartment, and that it would be forced to execute documents fraudulently certifying the apartment's size since the plaintiff actually lived in a one-bedroom apartment. In granting preliminary injunctive relief ordering the landlord to accept the Section 8 payments and to complete the HAP, the court ruled:

> "*Equally disingenuous[ ] is defendant landlord's rejection of plaintiff's voucher for fear that they will be somehow committing a fraud by accepting a voucher issued for a studio apartment, knowing that at present plaintiff occupies a one bedroom apartment.* . . . [T]he only document the landlord is required to sign is the . . . [HAP] contract, which merely requires the landlord to specify the particular unit for which the Public Housing Authority and the landlord are bound . . . There is no requirement that the landlord verify the number of bedrooms in the apartment rented by the tenant. The case relied on by defendant landlord, *Esther Keyes v. 285 Hawthorne Realty LLC*, Case No 10122173, in which the New York State Division of Human Rights found that a landlord cannot be compelled to sign government documents which misstate important information (such as the size of the apartment), and that the refusal by the landlord to do so did not constitute discrimination is not applicable here as there is no proof in any admissible form presented by defendant landlord that defendant was required to

sign any document in the instant case which would have constituted a fraud on its part. The HAP contract . . . does not require such information" (*id.* at *3-4 [emphasis added]).

*Jones* is equally applicable to the present case (*id.*). Moreover, the federal regulations indicate that the voucher may be applied to plaintiff's two-bedroom apartment (*see* 24 CFR 982.402 [d] [2] ["The family may lease an otherwise acceptable dwelling unit with more bedrooms than the family unit size"]).

Defendants also contend that accepting the voucher would require them to conceal rental income that plaintiff purportedly receives from subletting her second bedroom to roommates. Even though there is a factual dispute regarding whether plaintiff sublets her apartment, defendants cannot refuse to accept the Section 8 voucher because they allege that she sublets to roommates. The undisputed evidence establishes that NYCHA, not the landlord, has the authority to determine the applicability of a Section 8 voucher.

Therefore, based on their assertions, defendants have failed to raise an issue of fact sufficient to defeat plaintiff's summary judgment motion or to establish their own entitlement to judgment as a matter of law dismissing the complaint (*see Kosoglyadov v 3130 Brighton Seventh, LLC*, 54 AD3d 822, 824 [2d Dept 2008]; *Timkovsky*, 23 Misc 3d at 1004).

Plaintiff's motion for summary judgment is granted, as defendants' refusal to accept her Section 8 voucher violates Local Law 10 (*see Tapia*, 2009 NY Slip Op 51552[U], *7). Defendants are directed to accept plaintiff's Section 8 voucher for her current two-bedroom apartment, and to execute all documents necessary to effectuate acceptance within 10 days. Plaintiff is also awarded compensatory damages in an amount to be determined by a special referee (*see Kosoglyadov*, 54 AD3d at 824). Defendants' cross motion for summary judgment is denied.

C. NYCHA's Motion to Dismiss

NYCHA moves to dismiss the third-party complaint on the basis that defendants failed to comply with Public Housing Law § 157 (1) because they did not file a notice of claim prior to commencing the third-party action or plead that they had done so. NYCHA also argues that the third-party complaint has no legal merit because, according to NYCHA policy and federal regulations, plaintiff is entitled to use her Section 8 voucher for her current two-bedroom apartment and cannot be forced to accept a studio, and the HAP does not require defendants to make any

representations about the size of plaintiff's apartment or her income.[2]

Pursuant to Public Housing Law § 157 (1), in every action against a public housing authority, other than a condemnation proceeding, the complaint must allege that "at least thirty days have elapsed since the demand, claim or claims upon which such action . . . is founded were presented to the authority for adjustment and that it has neglected or refused to make an adjustment or payment thereof for thirty days after such presentment." A failure to comply with the notice and pleading requirements of section 157 (1) may result in dismissal of the complaint (*see Kovachevich v New York City Hous. Auth.*, 295 AD2d 255, 255 [1st Dept 2002]; *Leon v New York City Hous. Auth.*, 214 AD2d 455, 455 [1st Dept 1995]; *Reaves v City of New York*, 177 AD2d 437 [1st Dept 1991]; *Trio Bronx Inc. v Hernandez*, 2009 NY Slip Op 32506[U] [Sup Ct, NY County 2009]).

Defendants do not dispute that they failed to properly serve or plead service of a notice of claim as required by Public Housing Law § 157 (1). Rather, defendants assert that they were not required to file a notice of claim because the statute only applies to tort or contract actions where monetary damages are demanded of a public authority, and their action requests NYCHA to construe its own regulations under the Section 8 program. Defendants also contend that NYCHA is a necessary party because it has the exclusive ability to clarify what defendants were required to certify on the Section 8 voucher and HAP.

NYCHA's motion to dismiss the third-party complaint is granted. Although defendants argue that section 157 (1) is inapplicable, they cite to no legal authority exempting them from the notice and pleading requirements under the present circumstances (*see Kovachevich*, 295 AD2d at 255). In any event, the court need not decide whether section 157 (1) applies in this case because even had defendants complied with the statute, dismissal is nonetheless warranted as the third-party complaint fails to state a viable cause of action (*see Gorelik*, 19 AD3d at 319-320 [dismissal is warranted absent any viable claims]). In opposition to NYCHA's motion, defendants again argue that if they honor the voucher they will be required to make fraudulent misrepresentations regarding the size of plaintiff's apartment and household composition. The court has already rejected

---

2. The court finds it unnecessary to address the remaining arguments raised by NYCHA.

these arguments and granted summary judgment ordering defendants to accept the voucher. Furthermore, NYCHA has demonstrated that, pursuant to its own policies and federal regulations, plaintiff is allowed to use her voucher for a two-bedroom apartment, and that defendants are not required to certify the size of her apartment or source of income.

For these reasons and upon the foregoing papers, it is, ordered, adjudged and declared that plaintiff's motion for summary judgment is granted as follows: (1) Local Law 10 prohibits defendants Nokit Realty Corporation and Orwell Management from refusing to honor plaintiff's Section 8 voucher; (2) defendants are directed to accept plaintiff's Section 8 voucher for her current two-bedroom apartment, and to execute all documents necessary to effectuate acceptance of the voucher within 10 days after service of a copy of this order with notice of entry; and (3) plaintiff is awarded compensatory damages in an amount to be determined by a special referee; and it is further, ordered that defendants' motion for summary judgment is denied; and it is further, ordered that third-party defendant NYCHA's motion to dismiss the third-party complaint is granted; and it is further, ordered that this matter is set down for an inquest before a special referee to hear and determine all issues relating to the award of compensatory damages to plaintiff.