■ EDUARD RAKHMAN et al., Plaintiffs, and ANGEL RIVAS, Respondent, v ALCO REALTY I, L.P., et al., Defendants, and ONE MORE TIME REALTY CORP., Appellant. [916 NYS2d 581]—

Order, Supreme Court, New York County (Debra A. James, J.), entered April 5, 2010, which, to the extent appealed from, granted plaintiff Angel Rivas's motion for summary judgment on his causes of action for declaratory and injunctive relief, inter alia, enjoining defendant One More Time Realty Corp. to accept plaintiff's Section 8 subsidy and execute all necessary documents, including a lead paint disclosure form, declaring that plaintiff's rent is reduced to his rent contribution under the Section 8 program until defendant starts receiving plaintiff's Section 8 subsidies, and enjoining defendant to refund all moneys collected in excess of plaintiff's contribution under the Section 8 subsidy as of December 2008, unanimously affirmed, with costs.

Defendant's refusal to complete the lead paint disclosure form required by the New York City Housing Authority to process plaintiff's Section 8 voucher constitutes a refusal to accept plaintiff's Section 8 benefits and, therefore, a violation of the

antidiscrimination provisions of the J-51 tax abatement law (Administrative Code of City of NY § 11-243 [k]) and the New York City Human Rights Law (Administrative Code § 8-107 [5] [a] [1]-[2]; *see Tapia v Successful Mgt. Corp.*, 79 AD3d 422 [2010]; *Kosoglyadov v 3130 Brighton Seventh, LLC*, 54 AD3d 822 [2008]). Defendant's explanation that it satisfied its one-time obligation to submit a lead paint disclosure certification when plaintiff first moved into the building in 1997, pursuant to 24 CFR 35.88 and 35.92, is unavailing, since satisfaction of federal requirements does not except defendant from state law requirements (*see Rosario v Diagonal Realty, LLC*, 8 NY3d 755, 764 n 5 [2007], *cert denied* 552 US 1141 [2008]; *Tapia*, 79 AD3d at 424-425; *Kosoglyadov*, 54 AD3d at 824). We find defendant's explanation to be a pretextual excuse for its unwillingness to accept plaintiff's Section 8 benefits (*see Jones v Park Front Apts., LLC*, 73 AD3d 612, 612-613 [2010]). The court correctly found that plaintiff would have been eligible for the benefits but for the missing lead paint disclosure form, and properly granted the relief sought (*see Kosoglyadov*, 54 AD3d at 824).

Defendant's remaining contentions are unpreserved and in any event without merit. Concur—Andrias, J.P., Sweeny, Moskowitz, DeGrasse and Abdus-Salaam, JJ. [**Prior Case History: 27 Misc 3d 1142.**]