■ Doo Soon Chung, Appellant, v Doo Nam Kim et al., Respondents.—Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered November 20, 1989, which, *inter alia,* denied plaintiff's motion for a preliminary injunction and *sua sponte* transferred this action to the Civil Court of the City of New York, pursuant to CPLR 325 (d), unanimously reversed, on the law, and the matter restored to the Supreme Court Calendar, without costs.

Plaintiff-appellant, Doo Soon Chung (Chung), brought this action against her sister, defendant-respondent Doo Nam Kim (Kim), and Kim's former husband, defendant-respondent Su Yoon (Yoon), seeking the sum of $21,000 in allegedly unpaid partnership profits derived from a purported joint ownership by Chung and Kim of a supermarket located at 427 Amsterdam Avenue, New York, New York. The complaint, which asserts that the moneys due were earned during the period August 1989 to October 1989, also seeks equitable relief, including: (1) a permanent injunction preventing the sale of the business and prohibiting Yoon and/or his agents from operating and managing it without Chung's consent; (2) a constructive trust on all partnership moneys; (3) an order compelling Kim and Yoon to make the partnership books available for inspection by Chung; and (4) an accounting.

While finding that there are issues of fact with respect to the existence of a partnership—which Kim denies despite having executed a partnership agreement with Chung on August 21, 1986—the IAS Part denied Chung's motion for

injunctive relief and *sua sponte* transferred the matter to Civil Court pursuant to CPLR 325 (d). That statute provides, in pertinent part, for removal to the lower court "where it appears that the amount of damages sustained may be less than demanded, *and the lower court would have had jurisdiction but for the amount of damages demanded."* (Emphasis added; *see,* 22 NYCRR 202.13 [a].)

Here, the equitable relief sought by plaintiff is not within the jurisdiction of the Civil Court *(see,* CCA 201 *et seq.; Arroyo v Rosenbluth,* 115 Misc 2d 655, 660-661), and it was, therefore, error for the IAS Part to have transferred the action. Concur —Carro, J. P., Ellerin, Kupferman, Kassal and Rubin, JJ.