■ Bank of New York, Appellant, v Irwin International Imports, Inc., Respondent. [602 NYS2d 859] —Order, Supreme Court, New York County (Myriam Altman, J.), entered on or about May 13, 1993, which denied plaintiff's motion for summary judgment, transferred the underlying action to Civil Court pursuant to CPLR 325 (d), and denied, without prejudice to renewal in Civil Court, plaintiff's motion to amend the complaint to add another party defendant, unanimously modified, on the law, to restore the action to Supreme Court, New York County, and to deny the motion to amend without prejudice to renewal in the Supreme Court, and otherwise affirmed, without costs.

We agree with the IAS Court that an issue of fact exists whether plaintiff knowingly violated the letter of credit it had issued when, at its customer's request, it transferred the funds it seeks to recover to defendant, or whether the transfer was inadvertent, the result of misrouting the customer's request to the wrong department; if knowing, the doctrine of unclean hands would preclude recovery on the theory of constructive trust. As for plaintiff's alternative theory of unjust enrichment, defendant's assertion that it disbursed the money in question to the buyer of the goods in satisfaction of its claims and remitted the balance to the seller after deducting the amount of its commission, raises an issue of fact whether defendant was indeed enriched. Denial of plaintiff's motion to add a party with leave to renew upon proper papers, including the proposed amended complaint, was a proper exercise of discretion in view of plaintiff's stated intention to pursue completely new "fraudulent conveyance and de facto successor in interest causes of action" as against the proposed new party, which admittedly was not incorporated until after the acts complained of had occurred and before defendant, which is now defunct, had been notified of plaintiff's claim that the letter of credit funds had been erroneously paid (see, Goldner Trucking Corp. v Stoll Packing Corp., 12 AD2d 639; Catanese v Lipschitz, 44 AD2d 579). However, transfer of the action to Civil Court pursuant to CPLR 325 (d) was error as a matter of law, since that court lacks the jurisdiction to grant the equitable relief plaintiff seeks (Doo Soon Chung v Doo Nam Kim, 170 AD2d 232). We have reviewed the remaining claims and find them to be without merit. Concur—Rosenberger, J. P., Wallach, Kupferman and Nardelli, JJ.