■ 19 WEST 45TH STREET REALTY Co., Respondent-Appellant, v DORAM ELECTRIC CORP. et al., Appellants-Respondents. [650 NYS2d 1] —Order, Supreme Court, New York County (Stuart Cohen, J.), entered February 28, 1996, which granted plaintiff's motion to compel disclosure, granted defendants' cross motion for summary judgment to the extent of dismissing the third, fourth and fifth causes of action for ejectment, rent and fraudulent conveyance, respectively, denied the cross motion as to the first and second causes of action for use and occupancy and property damage to the premises, respectively, and *sua sponte* transferred the case to Civil Court, unanimously modified, on the law, to reinstate the fourth and fifth causes of action and return the case to Supreme Court, and otherwise affirmed, without costs.

Defendants' occupancy of the premises and payment of sums equivalent to the rent stipulated in the lease is sufficient to sustain plaintiff's cause of action upon an implied agreement for use and occupancy (1 Rasch, New York Landlord and Tenant § 12:12 [3d ed 1988]), an agreement that defendants failed to rebut. The absence of privity is no bar to such a cause of action (*Minister of Refm. Prot. Dutch Church v 198 Broadway*, 152 Misc 2d 936, 942), and because defendants are closely related corporate entities who both occupied the premises, we find no significance in the fact that only one of them actually made the rent payments. As several issues of fact exist, including, in particular, whether defendants caused damage to the premises, an immediate trial on the amount of damages was properly denied at this juncture. However, the court erred in dismissing the causes of action for rent and fraudulent conveyance, which plaintiff addressed by urging a need for further disclosure concerning the corporate relationships between the tenant and defendants (*see, CC Ming [USA] Ltd. Partnership v*

*Champagne Video*, 232 AD2d 202), and, in particular, whether defendants should be held liable for the tenant's rent obligations as the latter's alter egos. Since piercing the corporate veil is a form of equitable relief (*Hyland Meat Co. v Tsagarakis*, 202 AD2d 552, 553), which Civil Court does not have jurisdiction to grant (*Bank of N. Y. v Irwin Intl. Imports*, 197 AD2d 462), we reverse the transfer to the Civil Court. We have considered the parties' remaining contentions for affirmative relief and find them to be without merit. Concur—Milonas, J. P., Kupferman, Ross, Williams and Tom, JJ.