■ EIGHTEEN ASSOCIATES, L. L. C., Respondent, v NANJIM LEASING CORP. et al., Defendants, and MARTIN R. KRAMER et al., Appellants. [683 NYS2d 291] —In an action, *inter alia,* to recover damages for use and occupancy of a commercial building, the defendants Martin R. Kramer, Morton A. Schwab, and Mark A. Stofsky appeal from so much of an order of the Supreme Court, Kings County (Vinik, J.), dated October 9, 1997, as denied their cross motion to dismiss the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The appellants, who formerly subleased office space in the plaintiff's building, contend that the plaintiff may not recover damages for their use and occupancy of the premises because they were not parties to its lease with the tenant. However, the absence of privity of contract is not a bar to a cause of action to recover damages for use and occupancy (*see, 19 W. 45th St. Realty Co. v Doram Elec. Corp.,* 233 AD2d 184; *Ministers, Elders & Deacons of Refm. Prot. Dutch Church v 198 Broadway,* 152 Misc 2d 936, 942). The obligation to pay for use and occupancy does not arise from an underlying contract between the landlord and the occupant (*see, Ministers, Elders & Deacons of Refm. Prot. Dutch Church v 198 Broadway, supra*). Rather,

an occupant's duty to pay the landlord for its use and occupancy of the premises is predicated upon the theory of quantum meruit, and is "imposed by law for the purpose of bringing about justice without reference to the intention of the parties" (*Rand Prods. Co. v Mintz,* 72 Misc 2d 621, quoting 1 Williston, Contracts § 3A, at 13 [3d ed]). Accordingly, the Supreme Court properly denied the appellants' motion to dismiss the complaint insofar as asserted against them. O'Brien, J. P., Sullivan, Krausman and Florio, JJ., concur.