■ 1500 BROADWAY CHILI COMPANY, INC., Respondent, v ZAPCO 1500 INVESTMENT, L.P., Appellant. [686 NYS2d 14] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered October 29, 1998, which denied defendant's motion for access to the leased premises for the limited purpose of installing a fire safety sprinkler system, unanimously reversed, on the law, with costs, and the motion granted.

Based on the plain language of the lease, we conclude that the motion court erred in denying defendant, a commercial landlord, access to the premises to install the sprinkler system (*see, Backer Mgt. Corp. v Acme Quilting Co.,* 46 NY2d 211). Defendant is entitled to install a sprinkler system in tenant's

premises pursuant to that portion of lease article 13, granting access to the premises at "reasonable times, to examine the same and to make such repairs, replacements and improvements as Owner may deem necessary and reasonably desirable to any portion of the building or which Owner may elect to perform."

The issue of whether the sprinkler system is "required", which would affect the plaintiff's obligation to pay for the work, was not the subject of the motion and need not be determined on this appeal. However, we note that issues of fact exist as to whether the sprinkler system was "required" within the meaning of plaintiff's obligations under article 29 and the remaining portions of article 13 of the lease, and whether the Buildings Department had affirmatively recommended sprinklers as a solution to the Local Law 5 (Local Laws, 1973, No. 5 of City of NY) problem or merely accepted defendant's proposal. Concur—Sullivan, J. P., Rosenberger, Nardelli and Saxe, JJ.