■ PAMELA EQUITIES CORP., Respondent, v 270 PARK AVENUE CAFÉ CORP., Appellant. [881 NYS2d 44]—

Order, Supreme Court, New York County (Walter B. Tolub, J.), entered November 21, 2008, which granted plaintiff landlord's motion for an order compelling defendant tenant to provide plaintiff with access to the kitchen and basement of the premises with certain limitations so as to allow plaintiff to perform necessary remedial work, unanimously modified, on the law, to the extent of striking that portion of the order indicating that it is a final disposition and remanding the matter to Supreme Court for the purpose of setting an undertaking to be posted by plaintiff, and otherwise affirmed, without costs.

The court exercised its discretion in a provident manner in granting the injunctive relief since plaintiff demonstrated a likelihood of success on the merits, irreparable injury based on further damage to the building if the necessary repairs are not made and that a balancing of the equities weighs in its favor (*see generally Doe v Axelrod*, 73 NY2d 748, 750 [1988]; *see also Huron Assoc., LLC v 210 E. 86th St. Corp.*, 18 AD3d 231 [2005]; *1500 Broadway Chili Co. v Zapco 1500 Inv.*, 259 AD2d 257 [1999]). However, because CPLR 6312 (b) requires that plaintiff post an undertaking in an amount to be fixed by the court, the matter is remanded to the motion court to set an amount that reflects the damages that defendant may incur (*see Visual Equities v Sotheby's, Inc.*, 199 AD2d 59 [1993]).

Although the injunctive relief was appropriately granted, "[a] preliminary injunction is a provisional remedy. Its function is not to determine the ultimate rights of the parties, but to maintain the status quo until there can be a full hearing on the merits" (*Residential Bd. of Mgrs. of Columbia Condominium v Alden*, 178 AD2d 121, 122 [1991]). Thus, to the extent the motion court's order indicated that it was a final disposition, it was in error.

We have considered defendant's remaining arguments, including its request for a rent abatement, and find them unavailing. Concur—Gonzalez, P.J., Mazzarelli, Buckley, Renwick and Abdus-Salaam, JJ.