■ VICTORIA JONES, Respondent, v PARK FRONT APARTMENTS, LLC, Appellant, et al., Defendants. [901 NYS2d 46]—

Order, Supreme Court, New York County (Karen S. Smith, J.), entered May 4, 2009, which granted plaintiff a stay of eviction proceedings pending the outcome of this action; directed defendant landlord Park Front to accept plaintiff's payment of her proportional share of rent, without prejudice; directed Park Front to complete a housing assistance payment contract and thereafter accept payment from defendant Housing Authority on plaintiff's behalf, without prejudice; and directed the Authority to extend the expiration date of plaintiff's Section 8 voucher pending the outcome of the case, unanimously modified, on the law and the facts, to vacate the direction that Park Front complete a housing assistance payment contract and thereafter accept payment from defendant Housing Authority on plaintiff's behalf, and otherwise affirmed, without costs.

To be entitled to a preliminary injunction, a plaintiff must show a likelihood of success, the danger of irreparable injury, and that the balance of equities are in his or her favor (see *Nobu Next Door, LLC v Fine Arts Hous., Inc.*, 4 NY3d 839, 840 [2005]; *W.T. Grant Co. v Srogi*, 52 NY2d 496, 517 [1981]; CPLR 6301). However, "a mandatory preliminary injunction (one mandating specific conduct), by which the movant would receive some form of the ultimate relief sought as a final judgment, is granted only in 'unusual' situations, 'where the granting of the relief is essential to maintain the *status quo* pending trial of the action'" (*Second on Second Café, Inc. v Hing Sing Trading, Inc.*, 66 AD3d 255, 264 [2009], quoting *Pizer v Trade Union Serv., Inc.*, 276 App Div 1071 [1950]; *see also St. Paul Fire & Mar. Ins. Co. v York Claims Serv.*, 308 AD2d 347, 349 [2003]).

Here, plaintiff demonstrated a balancing of the equities in her

favor, irreparable harm if she were evicted from her long-time home and a likelihood of success on the merits of her claim that Park Front, a recipient of benefits under the City's J-51 tax abatement program, offered pretextual reasons for refusing to accept her proffer of rent payments in the form of a Section 8 housing subsidy (*see* Administrative Code of City of NY § 8-102 [25]; § 8-107 [5] [a] [1]; § 11-243 [k]; *Kosoglyadov v 3130 Brighton Seventh, LLC*, 54 AD3d 822 [2008]). Although plaintiff's Section 8 housing voucher indicates a "family unit size" (*see* 24 CFR 982.402 [c]) that qualifies her to receive a housing subsidy for a studio apartment, it is undisputed that the subsidy benefits to which she is entitled exceed the amount of the rent for her one-bedroom apartment, and federal regulations provide that Section 8 recipients "may lease an otherwise acceptable dwelling unit with more bedrooms than the family unit size" (24 CFR 982.402 [d] [2]). Thus, plaintiff established her entitlement to a preliminary injunction. However, to the extent the court directed Park Front to complete a housing assistance payment contract and thereafter accept payment from defendant Housing Authority on plaintiff's behalf, that mandatory directive granted plaintiff a portion of the ultimate relief sought and was not necessary to maintain the status quo pending trial, in that plaintiff is adequately protected by the stay of the eviction proceeding. Accordingly, the order appealed from should be modified to vacate that directive.

The administrative closure of plaintiff's related complaint before the New York City Commission on Human Rights has no preclusive effect here, as that was not a disposition on the merits, made after a full and fair opportunity to be heard on the issues now before us (*see Schwartz v Public Adm'r of County of Bronx*, 24 NY2d 65, 71 [1969]; *see also Kosakow v New Rochelle Radiology Assoc., P.C.*, 274 F3d 706, 730 [2d Cir 2001]). Concur—Andrias, J.P., Friedman, Catterson, McGuire and Román, JJ.