■ SARAH PERRIS, Appellant, v MALACHY J. MAGUIRE, Respondent. (And a Third-Party Action.) [49 NYS3d 688]—

Judgment, Supreme Court, Bronx County (Wilma Guzman, J.), entered November 4, 2015, dismissing the complaint against defendant, pursuant to an order, same court and Justice, entered October 8, 2015, which granted defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the complaint reinstated. Appeal from order, same court and Justice, entered October 6, 2016, which, to the extent appealed from as limited by the briefs, denied the branch of plaintiff's motion that sought renewal of defendant's motion for summary judgment, unanimously dismissed, without costs, as academic.

Defendant's motion for summary judgment should have been denied, due to conflicting accounts of the accident presented in his own moving papers. Defendant's deposition testimony about the damage to his vehicle supported a reasonable inference of a side impact to his vehicle, instead of a rear-end collision caused by a motorcycle on which plaintiff was a passenger. Because defendant relied upon the presumption of negligence in a rear-end collision, and because issues of fact exist as to whether a rear-end collision had occurred, he failed to meet his prima facie burden of establishing his entitlement to judgment as a matter of law (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).

Given the foregoing determination, we need not consider the parties' remaining arguments. Concur—Tom, J.P., Friedman, Mazzarelli, Kapnick and Kahn, JJ.