Factor, LLC, Respondent,
against
Benjamin Lipschitz, Formerly Doing Business as Kosherline, LLC, Appellant.




Benjamin Lipschitz, appellant pro se.
Factor, LLC, respondent pro se.

Appeal from a judgment of the City Court of Yonkers, Westchester County (Evan Inlaw, J.), entered June 2, 2015. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $3,278.95.




ORDERED that the judgment is reversed, without costs, and the action is dismissed.
In this commercial claims action for breach of contract, plaintiff seeks to recover the principal sum of $3,278.95 against Benjamin Lipschitz formerly doing business as Kosherline, LLC, in connection with commissions plaintiff had allegedly earned pursuant to an agreement with Kosherline, LLC, a now dissolved corporation, of which Benjamin Lipschitz had been a manager and sole member. Following a nonjury trial, the City Court found Benjamin Lipschitz to be individually liable and awarded judgment to plaintiff in the principal sum of $3,278.95.
On an appeal in a commercial claims action, this court's review is limited to determining whether the judgment provided the parties with substantial justice according to the rules and principles of substantive law (see UCCA 1807-A [a]; 1804-A; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]).
"A member of a limited liability company cannot be held liable for the company's obligations by virtue of his [or her] status as a member thereof. However, a party may seek to hold a member of an LLC individually liable despite this statutory proscription by application of the doctrine of piercing the corporate veil" (Grammas v Lockwood Assoc., LLC, 95 AD3d 1073, 1074-1075 [2012] [internal quotation marks and citations omitted]). To the extent that plaintiff seeks to pierce Kosherline, LLC's corporate veil in order to impose liability on Benjamin Lipschitz, we note that this remedy is an equitable one which the City Court, as a court of limited [*2]jurisdiction, lacks jurisdiction to grant (see NY Const art VI, § 17 [a]; UCCA 201; see also 19 W. 45th St. Realty Co. v Doram Elec. Corp., 233 AD2d 184 [1996]; Jack v Restoration Dynamic, Inc., 43 Misc 3d 127[A], 2014 NY Slip Op 50477[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]; Intracoastal Abstract Co., Inc. v Farmarz Sadighpour & Minifar, Inc., 12 Misc 3d 139[A], 2006 NY Slip Op 51328[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2006]). Any claims plaintiff may have against Kosherline, LLC cannot be brought against Benjamin Lipschitz in the City Court (see Bazile v Goldstein, 49 Misc 3d 151[A], 2015 NY Slip Op 51753[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]).
Since substantial justice was not done in accordance with the rules and principles of substantive law (see UCCA 1804-A, 1807-A [a]), the judgment is reversed and the action dismissed.
Marano, P.J., Tolbert and Brands, JJ., concur.