Nat Vaughn, Plaintiff-Appellant, 
against
MGM Resorts International, d/b/a Borgata Hotel, Casino & Spa, Defendant-Respondent.



Plaintiff, as limited by his briefs, appeals from so much of an order of the Civil Court of the City of New York, New York County (Adam Silvera, J.), entered May 16, 2017, as granted defendant's motion to dismiss the complaint for failure to state a cause of action.




Per Curiam.
Order (Adam Silvera, J.), entered May 16, 2017, affirmed, with $10 costs.
We sustain the grant of defendant's dismissal motion, albeit for reasons other than those stated by Civil Court. Upon our review of the record, we find that the complaint should have been dismissed pursuant to CPLR 3211(a)(8), based on plaintiff's failure to establish that the New Jersey-domiciled defendant engaged in any purposeful acts in New York City sufficient to confer jurisdiction under Civil Court's long-arm statute (see CCA § 404[a]). No showing was made that defendant transacted any business in New York City, supplied goods or services in the City or committed any tortious act within the City (see CCA § 404[a][1], [2]). The single letter sent by defendant to plaintiff in New York, which notified plaintiff that he would no longer be permitted entry to defendant's Atlantic City casino, did not constitute a transaction of business within the meaning of CCA 404[a][1]) (see Francis v Hogan, 55 Misc 3d 138[A], 2017 NY Slip Op 50538[U] [App Term, 1st Dept 2017]). Nor, in any event, did Civil Court have jurisdiction to grant the injunctive relief requested by plaintiff (see Chung v Kim, 170 AD2d 232 [1991]).
In view of our disposition, we reach no other issue.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 13, 2017