RussianHotline.Com, Inc., Respondent, 
against
Oceana Holding Corp., Appellant.




Korenblit & Vasserman, PLLC (Raquel M. Vasserman, Esq.), for appellant.
RussianHotline.Com, Inc., respondent pro se.

Appeal from a judgment of the Civil Court of the City of New York, Kings County (Robin Kelly Sheares, J.), entered July 15, 2015. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $5,000.




ORDERED that the judgment is reversed, without costs, and the matter is remitted to the Civil Court for a new trial. 
Plaintiff commenced this commercial claims action to recover, based on a breach of contract, the sum of $5,000 it had allegedly paid pursuant to the contract. After a nonjury trial, the Civil Court, without issuing a written decision setting forth its findings of fact, awarded plaintiff the principal sum of $5,000.
In our view, the judgment did not provide the parties with substantial justice according to the rules and principles of substantive law (see CCA 1804-A, 1807-A; Ross v Friedman, 269 AD2d 584 [2000]). 
Plaintiff's witness, Anton Krilloss, testified that plaintiff had entered into a contract, not with defendant but with a third party, Oceana Caterers, LLC, to rent space for a party. Pursuant to the contract, plaintiff agreed to pay Oceana Caterers, LLC the total price of $4,500, which sum, Krilloss testified, had been paid. However, the documentary evidence presented at trial shows that only the initial deposit, in the amount of $500, was paid to Oceana Caterers, LLC, rather than defendant, and that a balance of $4,000 remained to be paid. The Civil Court failed [*2]to make any findings of fact with regard to the claim asserted by plaintiff or to set forth its rationale (see CPLR 4213 [b]) for finding defendant liable under the agreement in the principal sum of $5,000. We note that, to the extent that plaintiff may be seeking to pierce the corporate veil in order to hold defendant liable, it has been held that piercing the corporate veil is an equitable form of relief which the Civil Court lacks the power to grant (see 19 W. 45th St. Realty Co. v Doram Elec. Corp., 233 AD2d 184 [1996]; Jackson v Trapp, 3 Misc 3d 139[A], 2004 NY Slip Op 50577[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2004]). 
Accordingly, the judgment is reversed and the matter is remitted to the Civil Court for a new trial.
ELLIOT, J.P., PESCE and ALIOTTA, JJ., concur. 
ENTER:
Paul Kenny
Chief Clerk
Decision Date: January 26, 2018