8645 Realty, LLC, Respondent,
against
Inna Balter, Appellant. 




Inna Balter, appellant pro se.
Altschul & Altschul (Mark M. Altschul of counsel), for respondent.

Appeal from a judgment of the Civil Court of the City of New York, Kings County (Cenceria P. Edwards, J.), entered October 2, 2017. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $13,200.




ORDERED that the judgment is affirmed, without costs.
Plaintiff commenced this action to recover, among other things, rent from July 1, 2013 through June 30, 2014 at a rate of $1,100 per month, totaling $13,200. After a nonjury trial, the Civil Court awarded plaintiff the principal sum of $13,200.
Previously, plaintiff had commenced a nonpayment summary proceeding seeking rent through February 2014. After a nonjury trial, the Housing Part judge held, in a decision dated March 25, 2014, that the parties' lease had expired on June 30, 2013, and, because defendant had not paid any rent to plaintiff after that date and no other agreement had been made between the parties, a nonpayment proceeding could not be maintained for any period beyond June 30, 2013. The Housing Part judge therefore awarded plaintiff a judgment for all rent due through June 2013, and a judgment was entered on March 24, 2014 in accordance with the decision.
On appeal, defendant asserts that the Housing Part judge ruled on plaintiff's claim for rent after June 30, 2013 and found that no agreement existed after June 30, 2013 under which rent could be awarded. Consequently, defendant argues that the doctrine of res judicata bars this action. Defendant also argues that rent owed through March 31, 2014 was already included in the prior judgment.
As the Housing Part judge ruled, albeit incorrectly (see RPAPL 741 [5]), that it did not have jurisdiction to hear the portion of landlord's claim seeking use and occupancy, its dismissal of that claim was, in effect, without prejudice and does not have res judicata effect on plaintiff's [*2]claim in this subsequent plenary action for use and occupancy (see Landau, P.C. v LaRossa, Mitchell & Ross, 11 NY3d 8 [2008]). Moreover, as a cause of action seeking use and occupancy is different from one seeking rent, plaintiff has not impermissibly split a cause of action (see Matter of First Am. Tit. Ins. Co. v Cohen, 163 AD3d 814 [2018]; Eighteen Assoc. v Nanjim Leasing Corp., 257 AD2d 559 [1999]; BGB Realty, LLC v Annunziata, 12 Misc 3d 136[A], 2006 NY Slip Op 51270[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2006]).
Defendant's claim that the Housing Part judgment included amounts due for rent after June 30, 2013 is without merit, as the decision expressly stated that the judgment of $5,500 was for "all rent due through June 30, 2013."
Accordingly, the judgment is affirmed.
PESCE, P.J., ELLIOT and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 20, 2019