Johnson v Johnson (2023 NY Slip Op 05188)

Johnson v Johnson

2023 NY Slip Op 05188

Decided on October 12, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 12, 2023

Before: Kapnick, J.P., Oing, Moulton, Higgitt, JJ. 

Index No. 812848/22 Appeal No. 795 Case No. 2023-00200 

[*1]Raymond E. Johnson, Plaintiff-Respondent,
v
Raymond Mark Johnson et al., Defendants-Appellants.

Abrams Fensterman, LLP, Brooklyn (Zachary D. Kuperman of counsel), for appellants.
Law Offices of Lorna A. McGregor, Mount Vernon (Lorna A. McGregor of counsel), for respondent.

Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered December 5, 2022, which stayed the parties' holdover proceeding in Civil Court and restrained defendants and the City Marshal from evicting plaintiff until the determination of title and ownership of the property, unanimously affirmed, with costs.
Supreme Court providently exercised its discretion in staying the Civil Court holdover proceeding pending a determination of whether plaintiff legally transferred title to defendant, because plaintiff's equitable claim for a constructive trust is not within the Civil Court's jurisdiction, nor are his claims for declaratory and injunctive relief (see Doo Soon Chung v Doo Nam Kim, 170 AD2d 232, 233 [1st Dept 1991]). Thus, the Civil Court does not have authority to grant the equitable relief plaintiff seeks or to grant an injunction restraining sale of the property (see Faith in Action Deliverance Ministries v 3231 Assoc., LLC, 168 AD3d 502, 502 [1st Dept 2019]).
As to the merits of the stay, plaintiff demonstrated a likelihood of success on the merits, irreparable injury in the absence of injunctive relief, and a balance of the equities in his favor (CPLR 6301). The likelihood of success on the merits of the constructive trust claim is based on the credible allegation of deed theft, which defendants have not refuted through sworn statements or conclusive proof that there was consideration for the transfer (see Sharp v Kosmalski, 40 NY2d 119, 122 [1976]). We agree with plaintiff that his claim for a constructive trust is not barred by res judicata based on the Civil Court's default judgment, which he has moved to vacate in any event (see Doo Soon Chung, 170 AD2d at 233; cf. Langotsky v 537 Greenwich LLC, 45 AD3d 405, 405 [1st Dept 2007]). Moreover, the allegations supporting plaintiff's constructive trust claim are not barred by the statute of frauds, as it does not bar a cause of action to impose a constructive trust. On the contrary, "by its very nature, a constructive trust does not require a writing" (Crown Realty Co. v Crown Hgts. Jewish Community Council, 175 AD2d 151, 151-152 [2d Dept 1991]).
Furthermore, there is no question that plaintiff will suffer irreparable harm if he is evicted from his home of more than 40 years, and we reject defendants' contention that any harm is speculative because plaintiff has moved to vacate his default in the holdover proceeding (see e.g. Jones v Park Front Apts., LLC, 73 AD3d 612, 613 [1st Dept 2010]). For the same reason, the balance of the equities favors plaintiff, as the Supreme
Court stay maintains the status quo and defendants will not be harmed if the parties' respective rights are determined on the merits (id.).
We have considered defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 12, 2023