| Hao Chen v Wilder |
| :---: |
| 2025 NY Slip Op 32899(U) |
| August 15, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 151315/2024 |
| Judge: Arthur F. Engoron |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | | |
|---|---|---|---|
| **PRESENT:** | **HON. ARTHUR F. ENGORON** | **PART** | **37** |
| | *Justice* | | |

------------------------------------------------------------X

HAO CHEN, GUIGANG CHEN,

                               Plaintiffs,

              - v -

NICK WILDER,

                            Defendant.

------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 151315/2024 |
| **MOTION DATE** | 04/04/2025 |
| **MOTION SEQ. NO.** | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 47, 48, 49,

were read on this motion for                    SUMMARY JUDGMENT       .

Upon the foregoing documents, and for the reasons stated hereinbelow, plaintiffs' motion is granted in part and defendant's cross-motion is denied.

Background
On May 15, 2019, defendant, Nick Wilder, as tenant, entered a one-year lease with plaintiffs, Hao Chen and Guigang Chen, as landlords, to rent a condominium located at 301 West 57th Street, Apartment 19B, New York, New York, for $4,800-per-month (the "Lease"). NYSCEF Doc. No. 28.

Pursuant to § 13(C) of the Lease:

> If the Condominium provides electricity or gas for a separate, submetered charge, [defendant's] obligations to the Condominium and/or Owner are described in a rider attached to this Lease. If electricity or gas is not included in the rent and is not charged separately by the Condominium and/or Owner, [defendant] must arrange for this service directly with the utility company.

Id. The only rider included with the Lease filed with the court is titled "Disclosure of Information on Lead-Based Paint and/or Lead-Based Paint Hazards. Id.

Pursuant to § 18(A) of the Lease, upon the defendant's default, defendant "must pay [his] rent until this Lease has ended. Thereafter, [defendant] must pay an equal amount for what the law calls 'use and occupancy' until [defendant] actually move[s] out." Id.

151315/2024   CHEN, HAO ET AL vs. WILDER, NICK
Motion No. 002

Page 1 of 5

Pursuant to § 18(C)(iii) and § 20(A)(iv), plaintiff is also entitled to "expenses for attorney's fees" and "[a]ny legal fees and disbursements for legal actions or proceedings brought" by plaintiffs against defendant because of defendant's default. Id.

Plaintiffs allege, and defendant does not dispute, that defendant ceased paying rent in July 2020. NYSCEF Doc. No. 45 ¶ 3.

On November 22, 2023, plaintiffs sent defendant a 90-Day Notice of Non-Renewal instructing him to vacate the subject apartment on or before February 29, 2024. NYSCEF Doc. No. 30.

On May 22, 2024, the parties entered into a so-ordered Stipulation of Settlement in an action in the Civil Court of the City of New York, Housing Part, captioned Hao Chen and Guigang Chen v Nick Wilder, Index No. L&T 303937/24, pursuant to which defendant consented to a final judgment of possession in favor of plaintiffs with a warrant of eviction stayed to December 31, 2024; a reduced rent of $4,500-per-month for the remainder of 2024; and any arrears due through April 30, 2024, severed for a plenary action in Supreme Court. NYSCEF Doc. No. 29.

On February 12, 2024, plaintiffs commenced the instant plenary action against defendant, seeking back rent and asserting four causes of action: (1) unjust enrichment; (2) use and occupancy; (3) money damages pursuant to Real Property Law § 220; (4) and for attorney's fees. NYSCEF Doc. No. 1.

On October 31, 2024, defendant answered with a general denial and thirteen affirmative defenses: (1) laches; (2) estoppel; (3) waiver; (4) unlawful discrimination; (5) agreement; (6) ratification; (7) acquiescence; (8) unconscionability; (9) violation of public policy; (10) failure to mitigate; (11) failure to make proper rent demands; (12) bad faith; and (13) legal fees pursuant to Real Property Law § 234. NYSCEF Doc. No. 27. Two of defendant's affirmative defenses, unlawful discrimination and attorney's fees, were concurrently pled as affirmative defenses and counterclaims. Id.

On January 8, 2025, plaintiffs served defendant a Notice of Eviction. NYSCEF Doc. No. 33.

At the end of January 2025 plaintiffs took possession of the subject apartment. NYSCEF Doc. No. 24 ¶ 26.

On April 4, 2025, plaintiffs moved, pursuant to CPLR 3211(b), to dismiss defendant's affirmative defenses and, pursuant to CPLR 3212, for summary judgment. NYSCEF Doc. No. 22.

In support, plaintiffs submit, inter alia: the complaint; the lease; the Housing Court stipulation of settlement; the notice of eviction; and an affirmation of plaintiff Hao Chen attesting to the facts of the complaint and arguing that defendant owes $264,000, representing $4,800-per-month for 55 months from July 2020 through January 2025. NYSCEF Doc. No. 25.

151315/2024  CHEN, HAO ET AL vs. WILDER, NICK                          Page 2 of 5
Motion No. 002

2 of 5

On May 23, 2025, defendant cross-moved for summary judgment on its affirmative defenses and counterclaims, based on plaintiffs' failure to reply to defendant's counterclaims or respond to his discovery demands. NYSCEF Doc. No. 35.

Defendant argues, essentially, that: as the Covid-19 pandemic crippled New York City and the world, he became "very sick with heart disease and was on dialysis … for kidney failure" such that he was "disabled within the meaning of the Federal, New York State and New York City laws"; when the Lease expired, he began to look for a new apartment but was persuaded to stay by plaintiffs' agent's promises of "a more modest rent, as well as a retroactive lowering of rent"; in 2021, plaintiffs' counsel, in a telephone call, "offered a renewal lease, at a lower rent, with a complete waiver of all arrears - on the condition that I agree that a warrant could issue but would be stayed as long as my rent was timely paid," which he immediately accepted; that he relied on those oral promises and enticements to stay in possession; and that "plaintiffs' promises of waiving rent, disappearances of the landlords and their agents, no demands for rent, and no legal action lulled me into complacency, which was particularly easy when disabled." NYSCEF Doc. No. 36. Defendant also argues that, pursuant to the Housing Court stipulation of settlement, he paid rent from June 2024 through December 2024, and therefore does not owe rent for those months. Id.

In support, defendant submits, inter alia, a series of emails between himself, plaintiffs, and plaintiffs' representatives. NYSCEF Doc. Nos. 38-42.

On May 27, 2025, plaintiffs tardily replied to defendant's counterclaims with a general denial. NYSCEF Doc. No. 46.

In reply, plaintiffs argue, inter alia, that: there is no prejudice to defendant from plaintiffs' late-filed reply to his counterclaim; that defendant's affirmative defenses lack merit; that defendant's discrimination argument is irrelevant in an action for unpaid rent; and that defendant has failed to articulate what any discovery in the instant action would yield. NYSCEF Doc. No. 48.

Also, as an attachment to a second affirmation of plaintiff Hao Chen, for the first time on reply, plaintiffs submit a purported rent ledger, without any information about how it was made or when, showing defendant owing a total of $243,151, comprised of $230,400 in "Rent owed – balance" and $12,751 in "Electricity owed." NYSCEF Doc. No. 49. The purported ledger does not show any rent owed by defendant from June through December 2024. Id.

Discussion

In order to obtain summary judgment, the

> movant must establish its defense or cause of action sufficiently to
> warrant a court's directing judgment in its favor as a matter of law.
> The party opposing the motion, on the other hand, must produce
> evidentiary proof in admissible form sufficient to require a trial of
> material questions of fact on which the opposing claim rests'
> [M]ere conclusions, expressions of hope or unsubstantiated
> allegations or assertions are insufficient' for this purpose.

151315/2024   CHEN, HAO ET AL vs. WILDER, NICK
Motion No. 002

Page 3 of 5

Gilbert Frank Corp. v Fed. Ins. Co., 70 NY2d 966, 967 (1988) (internal citations omitted).

Pursuant to CPLR 3211(b), a "party may move for judgment dismissing one or more defenses, on the ground that a defense is not stated or has no merit."

As an initial matter, the Court hereby deems plaintiffs' late-filed reply to defendant's counterclaims timely, *nunc pro tunc*, as there is no prejudice to defendant, defendant's counterclaims were not pled individually but instead pled as part of defendant's affirmative defenses, and because plaintiffs directly addressed defendant's affirmative defenses and counterclaims in the instant motion.

### Defendant's Discrimination Affirmative Defense and Counterclaim

Pursuant to Executive Law § 296(2-a)(d)(2), it is illegal for a landlord to "refuse to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford a person with a disability equal opportunity to use and enjoy a dwelling."

Defendant alleges that, due to "brain fog" caused by four-times-per-week kidney dialysis, he was and is a disabled person under local, State, and Federal law, and that plaintiffs knew of his disability. NYSCEF Doc. No. 18 ¶¶ 14-5, 41. He also alleges that he "requested a reasonable accommodation in that plaintiff simply had to respond promptly to whether they were pursuing a rent claim or not" and plaintiffs "failed to so accommodate" him, in violation of New York City's Civil Rights law and Executive Law § 296. Id. ¶¶ 42-43. Defendant alleges that if plaintiffs had responded within a reasonable time he "would have simply moved out if the rent was not lowered and was going to be pursued by plaintiff," and accordingly seeks compensatory and punitive damages of no less than $250,000. Id. ¶¶ 43-44.

Defendant's request that he be informed by his landlord "promptly" whether or not his landlord was going to pursue him, a holdover tenant, for unpaid rent is not a reasonable accommodation request under Executive law § 296. Defendant's obligations to pay rent and/or use and occupancy are contractual and equitable.

Accordingly, defendant's discrimination affirmative defense and counterclaim should be dismissed.

### Summary Judgment

> The obligation to pay for use and occupancy does not arise from an underlying contract between the landlord and the occupant[,] [but] [r]ather, an occupant's duty to pay the landlord for its use and occupancy of the premises is predicated upon the theory of quantum meruit, and is imposed by law for the purpose of bringing about justice without reference to the intention of the parties.

Carlyle, LLC v Beekman Garage LLC, 133 AD3d 510, 511 (1st Dept 2015) quoting Eighteen Assoc. v Nanjim Leasing Corp., 257 AD2d 559, 559 (2d Dept 1999).

151315/2024 CHEN, HAO ET AL vs. WILDER, NICK Page 4 of 5
Motion No. 002

4 of 5

[* 4]

Here, plaintiffs are entitled to use and occupancy from defendant, as he held over and occupied the subject apartment from July 2020 through January 2025, only paying rent for a limited period of months after the Housing Court stipulation of settlement in June 2024. The emails submitted by defendant do not support his affirmative defenses; they show that some negotiations occurred but were never finalized. That plaintiffs waited to move to collect the rent does not make defendant's obligation go away (particularly as there was a pandemic-related moratorium on evictions for some of the relevant time period). The Court has considered defendant's other arguments and finds them to be unavailing and/or non-dispositive.

Accordingly, the Court should grant plaintiffs' motion for summary judgment to the extent that plaintiffs' are entitled to a judgment for $230,400 ($4,800-a-month for 48 months, representing July 2020 through May 2024, and January 2025). Plaintiff's request for $12,751 in electrical charges should be denied, without prejudice, as there does not appear to be an electricity rider to the Lease and the amount requested was only enumerated in a hearsay ledger introduced for the first time on reply.

Conclusion

Plaintiffs' motion for summary judgment is granted to the extent that the Clerk is hereby directed to enter judgment in favor of plaintiffs, Hao Chen and Guigang Chen, and against defendant, Nick Wilder, in the amount of $230,400, and defendant's affirmative defenses and counterclaims are dismissed, and is otherwise denied; defendant's cross-motion is denied.

It is further ordered that plaintiff's request for attorney's fees is hereby severed, and plaintiff may obtain an inquest into said fees by presenting the Clerk with a Note of Issue with Notice of Inquest, a copy of this Decision and Order, and any necessary fees. Plaintiff must file such Note of Issue within 30 days from the date of this Decision and Order, or this case will be automatically marked "disposed." Defendant is further directed to contact chambers at SFC-Part37@nycourts.gov, within 15 days of filing the Note of Issue, to schedule the inquest.

8/15/2025
DATE

ARTHUR F. ENGORON, J.S.C.

HON. ARTHUR F. ENGORON

CHECK ONE:

| | | | | |
|---|---|---|---|---|
| | CASE DISPOSED | | X | NON-FINAL DISPOSITION |
| | GRANTED | DENIED | | GRANTED IN PART | X | OTHER |

APPLICATION: SETTLE ORDER / SUBMIT ORDER

CHECK IF APPROPRIATE: INCLUDES TRANSFER/REASSIGN / FIDUCIARY APPOINTMENT / REFERENCE

151315/2024 CHEN, HAO ET AL vs. WILDER, NICK
Motion No. 002

Page 5 of 5