Ntiru v WV Preserv. Partners, LLC (2025 NY Slip Op 05575)

Ntiru v WV Preserv. Partners, LLC

2025 NY Slip Op 05575

Decided on October 09, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 09, 2025

Before: Kern, J.P., Friedman, Kapnick, Gesmer, Rodriguez, JJ. 

Index No. 158358/21|Appeal No. 4894|Case No. 2025-01288|

[*1]Richard Ntiru et al., Plaintiffs-Appellants,
v
WV Preservation Partners, LLC, et al., Defendants-Respondents.

Newman Ferrara LLP, New York (Jarred I. Kassenoff of counsel), for appellants.
Axelrod, Fingerhut & Dennis, New York (Osman Dennis of counsel), for respondents.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered February 26, 2025, which granted defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion denied.
The premises at issue here were constructed under the Mitchell-Lama program. Pursuant to an affordability plan dated July 17, 2018 (the Affordability Plan), defendants proposed withdrawing the building from the Mitchell-Lama plan by converting the building in part into a residential cooperative housing corporation. The Affordability Plan provided existing tenants the opportunity "to purchase their apartments at below market purchase prices," which it called the "Insider Purchase Price." However, the Affordability Plan also provided that the Insider Purchase Price would only be afforded to "bona fide Mitchell Lama Tenants in occupancy pursuant to a 'New Lease' on the date the offering plan is accepted for filing by the Attorney General" (Affordability Plan Section 3[v]).
Section 5(iii) of the Affordability Plan states that a Bona Fide Mitchell Lama Tenant (BFMLT) means "as of the Affordability Plan Effective Date [(July 31, 2018)] (i) the tenant named in the existing Mitchell Lama lease provided that such person is in actual physical possession and occupancy of the apartment as his primary residence and has so occupied the apartment continuously for the preceding 12 months . . . , or (ii) if the Mitchell Lama tenant shall no longer be in occupancy of the apartment, members of the named tenant's immediate family who resided in the apartment with the named tenant as their primary residence and thereafter continuously and without interruption continued to occupy the apartment as their primary residence and who would qualify for succession as of the Affordability Plan Effective Date under the Division [of Housing and Community Renewal]'s regulations ([9 NYCRR subpart 1727-8])[FN1] . . . ." Finally, section 5(i) of the Affordability Plan provides that "[o]n or after the Affordability Plan Effective Date, the Sponsor shall provide each [BFMLT] with a replacement lease (the New Lease)."
There is no dispute in this case that plaintiff Richard Ntiru was the "named tenant" of an apartment at the premises and that plaintiff Marion Ntiru is his daughter. After plaintiffs' joint attempts to purchase their apartment at the insider price were rejected by defendants on the basis that neither Richard nor Marion were BFMLTs in occupancy pursuant to a New Lease, they brought this action seeking, as relevant to this appeal, a declaration that either Richard or Marion or both are entitled to purchase the apartment at the insider price and mandatory injunctions facilitating their purchase of the apartment. Defendants moved for summary judgment dismissing the complaint. Supreme Court granted defendants' motion and plaintiffs now appeal, arguing that Marion is entitled to purchase the apartment at the insider price because she became a BFMLT pursuant to Affordability Plan section 5(iii)(ii) after Richard allegedly vacated the apartment prior to the Affordability Plan Effective Date.
Defendants' motion for summary judgment dismissing the complaint should have been denied. Initially, the motion court was not required to "deem[ ] to be admitted for purposes of the motion" the facts set forth in defendants' statement of material facts because plaintiffs failed to specifically controvert them; rather, the court providently exercised its discretion in sub silentio declining to do so (Uniform Rules for Trial Cts [22 NYCRR] former § 202.8-g [c], as amended by Admin Order of Chief Admin Judge of Cts AO/141/22 [June 13, 2022], eff July 1, 2022, repealed by Admin Order of Chief Admin Judge of Cts AO/103/25 [May 6, 2025], eff July 7, 2025; see also Argueta v Hall & Wright, LLC, 230 AD3d 1200, 1201 [2d Dept 2024]; On the Water Prods., LLC v Glynos, 211 AD3d 1480, 1481-1482 [4th Dept 2022]; Leberman v Instantwhip Foods, Inc., 207 AD3d 850, 850-852 [3d Dept 2022]).
On the merits, defendants failed to establish their prima facie entitlement to judgment as a matter of law by demonstrating that Marion was not entitled to purchase at the insider price as a BFMLT pursuant to the Affordability Plan. To demonstrate that Marion was not a BFMLT under Section 5(iii)(ii) of the Affordability Plan, defendants would have to establish that Richard was still in occupancy of the apartment as of the Affordability Plan Effective Date, Marion did not reside in the apartment with Richard as her primary residence prior to his alleged vacatur, Marion did not continue living in the apartment as her primary residence after his alleged vacatur or that she would not qualify for succession under 9 NYCRR subpart 1727-8 as of the Affordability Plan Effective Date.
Defendants have failed to establish any of these conditions as a matter of law. Initially, defendants do not dispute that Marion resided in the apartment as her primary residence with Richard prior to his alleged vacatur and do not dispute that she continues to live in the apartment as her primary residence to this day. As to whether Richard had vacated the apartment as of the Affordability Plan Effective Date, the record is inconclusive as to who was residing in the apartment at that time. Defendants' affidavit in support of their motion for summary judgment states both that "[a]s of. . .the Affordability Plan Effective Date, Richard. . .had not permanently vacated the subject apartment," and that they learned after the expiration of the exclusive purchase period that "[a]s of July 31, 2018 [the Affordability Plan Effective Date]. . .Richard [] was not actually residing in the apartment but was instead living in Uganda" (see Perris v Maguire, 148 AD3d 570, 570 [1st Dept 2017] ["Defendant's motion for summary judgment should have been denied, due to conflicting accounts. . .in his own moving papers."])
Finally, defendants' assertion that Marion did not qualify for succession under 9 NYCRR subpart 1727-8 as of the Affordability Plan Effective Date because she had not submitted a succession application to the Department of Housing and Community Renewal is without merit, as the Affordability Plan only required a showing that Marion "would qualify" for succession on that date (see Bass v WV Preserv. Partners, LLC, 209 AD3d 480 [1st Dept 2022]). Contrary to defendants' assertion, plaintiffs' argument that Richard permanently vacated the apartment prior to the Affordability Plan Effective Date was sufficiently raised below and preserved for appeal.
We have considered the parties' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 9, 2025

Footnotes

Footnote 1: 9 NYCRR 1727-8.2 (a) provides in relevant part: "if a tenant or cooperator has permanently vacated their dwelling unit, any family member, as defined in [9 NYCRR 1700.2 (a) (7)], who meets all of the following requirements shall be entitled to be named as a tenant on the lease and/or as a stockholder on the stock certificate of such unit. Such family members must have:
(1) immediately prior to the permanent vacating of the dwelling unit by the tenant, occupied the dwelling unit with the tenant as a primary residence, either:
(i) for a period of not less than two years, or, where a family member is a senior citizen or disabled person, for a period of not less than one year; or
(ii) if for less than such periods, then from the inception of the tenancy or commencement of the relationship . . . ."